**In re Paul D. RYAN, Debtor.**

**Bankruptcy No. 92–63681.**

United States Bankruptcy Court,
N.D. New York.

Sept. 20, 1993.

David W. Pelland, Attorney, Syracuse, NY, for debtor.

William F. Larkin, Asst. U.S. Atty., Syracuse, NY, for I.R.S.

Mark W. Swimelar, Chapter 13 Trustee, Syracuse, NY.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

Presently before the Court is the Internal Revenue Service's ("IRS") objection to the confirmation of the Debtor's proposed Chapter 13 Plan ("Plan"). Debtor argues that the filing of the objection by the IRS was untimely and that the Plan should be confirmed.

The Court heard oral argument of the parties at an adjourned confirmation hearing held on May 5, 1993. After providing the parties an opportunity to submit memoranda of law on the issue of timeliness of the objection by the IRS, the matter was submitted for decision on June 1, 1993.

### JURISDICTION

The Court has jurisdiction over the parties and subject matter of this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a), 157(b)(1) and 157(b)(2)(A) and (L).

### FACTS

The Debtor, Paul D. Ryan, ("Debtor"), filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code") on November 27, 1992. On December 17, 1992, the Chapter 13 Trustee sent notice to all creditors indicating that a confirmation hearing had been scheduled for January 27, 1993. The notice also required that any objections to confirmation be filed with the Court "within three business days prior to the confirmation hearing date." The only creditor to file an objection prior to the January 27th confirmation hearing was Roundhouse Mill, Inc. ("Roundhouse") a secured creditor. On January 27, 1993, the confirmation hearing was adjourned until February 22, 1993, to permit discussion between Debtor and Roundhouse regarding its objection. The IRS had filed its proof of claim in the amount of $81,015.11 on January 14, 1993. Included in the proof of claim was $25,117.84 said to be secured by a tax lien, $48,278.48 allegedly entitled to priority under Code § 507 and $7,618.79 in general unsecured debt. On February 19, 1993, the IRS also filed a written objection to the Plan. The Plan provides that the IRS will retain its filed tax liens but makes no other provision for distribution or surrender of property to satisfy the secured claims. In addition, there is to be no payment of the IRS' priority claims or its general unsecured claim.

### ARGUMENTS

The Debtor seeks to confirm the Plan over the objection of the IRS, asserting that the objection is untimely. In support of its argument, Debtor points out that the notice of the confirmation hearing specifically provided that any objections be filed three business days prior to the confirmation hearing date, originally scheduled for January 27, 1993. Therefore, it is the Debtor's contention that the IRS's objection, filed on February 19, 1993, was untimely and should not be considered by the Court.

The IRS, on the other hand, argues, *inter alia*, that by adjourning the confirmation hearing to February 22, 1993, its objection, filed on February 19, 1993, was timely.

### DISCUSSION

Under Code § 1324, a party in interest may object to the confirmation of the plan. Rule 2002(b) of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") provides that the clerk of the court, "or some other person as the court may direct," shall give notice of the confirmation hearing and

shall fix the time period for filing objections to the hearing and confirmation of the plan.

■ Fed.R.Bankr.P. 3020(b) states that objections shall be filed within the time fixed by the court. Effective August 1, 1993, however, Fed.R.Bankr.P. 3020 is no longer applicable to confirmation plans in Chapter 13 cases. *See* AMENDMENT TO THE FED.R.BANKR. P., H.R. Doc. No. 103–73, 103rd Cong., 1st Sess. (1993). The filing of objections to confirmation in a Chapter 13 case is now found in Fed.R.Bankr.P. 3015(f), as recently added. *Id.* The question before this Court is whether the current Rule, as amended, should be applied retroactively to the matter currently *sub judice.*[1]

■ The Bankruptcy Rules are promulgated by the Supreme Court pursuant to the authority granted by Congress under 28 U.S.C. § 2075 and have the force of law. *In re Bailey,* 151 B.R. 28, 33 (Bankr.N.D.N.Y. 1993). The Rules, as a whole, are procedural in nature. *In re Check Reporting Services, Inc.,* 137 B.R. 653, 656 (Bankr.W.D.Mich. 1992), *citing Bostick Foundry Co. v. Lindberg, A Div. of Sola Basic Indus. Inc.,* 797 F.2d 280, 283 (6th Cir.1986), *cert. denied,* 479 U.S. 1066, 107 S.Ct. 953, 93 L.Ed.2d 1002 (1987). Generally, an amendment to a Rule will be applied retroactively, absent expressed language to the contrary, where the amendment deals with matters of a procedural nature and its retroactive application will not destroy a substantive right of the parties. *In re Jordan Mfg. Co., Inc.,* 138 B.R. 30, 33 (Bankr.C.D.Ill.1992). (citations omitted). There is a presumption that the Bankruptcy Rules do not affect substantive rights. *In re Stoecker,* 151 B.R. 989, 1004 (Bankr.N.D.Ill.1992), *citing In re Neese,* 87 B.R. 609, 611 (9th Cir. BAP 1988). This is supported by the language found in 28 U.S.C. § 2075 which provides that "Such rules shall not abridge, enlarge or modify any substantive right."

■ With respect to the recent amendments, the Supreme Court expressly ordered

that they "shall govern all proceedings in bankruptcy cases thereafter commenced and, *insofar as just and practicable, all proceedings in bankruptcy cases then pending.*" *See* AMEND. TO THE FED.R.BANKR.P., *supra,* (emphasis added). Fed.R.Bankr.P. 3015(f), as recently added, provides that "[a]n objection to confirmation of a plan shall be filed and served on the debtor, the trustee, and any other entity designated by the court, and shall be transmitted to the United States trustee, *before confirmation of the plan.*" *See* AMEND. TO THE FED.R.BANKR.P., *supra,* (emphasis added). This is clearly a procedural matter, requiring that objections be filed prior to the confirmation of a Chapter 13 plan if they are to be considered by the Court. If the original date for confirmation is adjourned, as it was in this case, the time for filing objections remains open to creditors until confirmation has occurred.

■ It is the view of this Court that the application of Fed.R.Bankr.P. 3015(f) to the case currently before it is "just and practicable." "Absent manifest injustice, no one has a vested right in a given mode of procedure." *In re Stroop,* 47 B.R. 986, 989 (D.C.Colo. 1985). There is no unconditional right to a discharge in bankruptcy at the time of filing the petition. *Id.; see also In re Spell,* 650 F.2d 375 (2d Cir.1981). Furthermore, until a final order of this Court has been entered confirming the debtor's plan, no other rights have vested in either party. In the case *sub judice,* the Debtor's Plan has not as yet been confirmed. The confirmation hearing has been adjourned on more than one occasion to afford the Debtor an opportunity to work out a settlement with Roundhouse. Fed. R.Bankr.P. 3015(f) makes no reference to the need to file objections prior to the original hearing date or any hearing date thereafter. Rather, the new Rule makes it clear that the Court may consider any objections to a Chapter 13 plan as long as they are raised *prior to confirmation,* thus, failure to obtain confirmation of a plan at the initial confirma-

---

1. It is the Court's view that the addition of section (f) to Fed.R.Bankr.P. 3015 does not effect a change from the policy which previously existed pursuant to Fed.R.Bankr.P. 3020. The new provision simply serves to clarify the procedure for the filing of a timely objection prior to confirmation. However, in the absence of any prior case law to support this view, the Court will analyze the new rule as though it effected a change in the prior procedure.

tion hearing, opens the door to creditors to file objections thereafter.

Fed.R.Bankr.P. 9014 is also applicable under the new Rule. *See* AMEND. TO THE FEDERAL R.BANKR.P., H.R. Doc. No. 103–73, 103rd Cong., 1st Sess. (1993). This assures the Debtor of notice and an opportunity for a hearing on any objection raised by a creditor prior to confirmation. Here, the IRS, by filing its objection on February 19, 1993, has provided the Debtor with adequate notice and opportunity to respond.

Based on the foregoing conclusions, it is hereby

ORDERED that the Objection to Confirmation by the IRS is deemed timely, and it is further

ORDERED that said Objection will be considered at the adjourned confirmation hearing scheduled for September 29, 1993 at 10:00 a.m. at the U.S. Courthouse, Utica, New York.