**In re Gerald JOHNSON & Sylvia M. Johnson, Debtors.**

No. C-1-93-066.
Bankruptcy No. 1-92-4954.

United States District Court,
S.D. Ohio, W.D.

Nov. 10, 1993.

Henry Acciani, Cincinnati, OH, for plaintiff.

Robert Goering, Cincinnati, OH, for defendant.

### ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon an appeal (Doc. 26, Ex. 10) by Gerald and Sylvia M. Johnson ["Debtors"] from an amended order of the Bankruptcy Court, denying said Debtors' motion to dismiss creditor Champion Windows' ["Champion"] objection to confirmation of said Debtors' plan. (*See* Doc. 26, Ex. 9, p. 3). The issue having been briefed fully by the parties (*see* Docs. 27, 30, 31, 32), this matter now is ripe for disposition.

### *Procedural History/The Parties' Claims*

On September 28, 1992, Debtors filed a voluntary petition, a plan and an application to confirm under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301, *et seq.* (1993). (Doc. 26, Ex. 1). In their plan, Debtors acknowledged that Champion was a creditor holding a secured claim in the form of a mechanic's lien on the real property serving as Debtors' primary residence. (Doc. 26, Ex.

1, p. 11 [Schedule D] ). Debtors nevertheless contended that Champion was unsecured to the extent that said creditor's claim exceeded the value of that real property less the sum of the mortgagor's secured claim and Debtors' exemptions. (Doc. 26, Ex. 1, p. 4 [Plan & Application to Confirm, ¶ 14] ).

Given that Debtors valued the subject real property at $45,000 (Doc. 26, Ex. 1, pp. 5, 6, 10, 11 [Summary of Schedules and Schedules A, C & D] ), owed $37,500 on the claim secured by a first mortgage on that real property (Doc. 26, Ex. 1, p. 11 [Schedule D] ), and claimed a cumulative husband/wife exemption of $10,000 on that real property (Doc. 26, Ex. 1, p. 10 [Schedule C] ), Debtors set the value of creditor Champion Windows' security interest at zero. (Doc. 26, Ex. 1, p. 11 [Schedule D] ). They therefore proposed to pay Champion as an *unsecured* creditor under the plan. (Doc. 26, Ex. 1, pp. 1–2).

On October 9, 1992, the Court issued a notice to all creditors of Debtors herein, including Champion Manufacturing Co., advising them of a creditors' meeting to be held at the Courthouse on Monday, November 9, 1992. (Doc. 26, Ex. 2). The notice further advised such creditors as follows:

> OBJECTIONS TO CONFIRMATION MUST BE FILED WITH THE COURT AND SERVED ON THE TRUSTEE AND DEBTOR(S) AT LEAST (3) THREE DAYS BEFORE THE MEETING OF CREDITORS.

(Doc. 26, Ex. 2, p. 1) (emphasis in original). That notice was consistent with Rule 13.4 of the local bankruptcy rules, which likewise requires that objections to confirmation be filed "not later than" three days before a creditors' meeting held pursuant to 11 U.S.C. § 341.

On Friday, November 6, 1992, Champion filed an objection to confirmation of Debtors' plan. (Doc. 26, Ex. 3). A certificate of Champion's counsel attached to that objection indicated that copies of the objection were served upon the bankruptcy trustee and Debtors' counsel by first class mail sent on November 5, 1992. (Doc. 26, Ex. 3, p. 2).

In its objection, Champion argued that Debtors' plan could not be confirmed because it impermissibly modified the rights of a creditor secured only by a interest in the debtor's principal residence, in violation of 11 U.S.C. § 1322(b)(2).

On November 16, 1992, Debtors filed a motion to dismiss Champion's objection, arguing that the objection was untimely filed because only two weekend days fell between the date of the creditor's filing and the date of the 11 U.S.C. § 341 meeting. (Doc. 26, Ex. 4).

On November 18, 1992, following a confirmation hearing (*see* Doc. 26, Ex. 5 [audiotape of hearing] ), U.S. Bankruptcy Judge J. Vincent Aug, Jr. issued a order denying confirmation of Debtors' plan. (Doc. 26, Ex. 6). Although the Bankruptcy Court found that Debtors were "technically correct" in their claim that Champion's objection was untimely, Judge Aug nonetheless determined that the substantive issue raised in Champion's objection was "of sufficient importance for the Court to address." The Bankruptcy Court then held that Champion's mechanic's lien was valid, and that the plan therefore was not confirmable. (Doc. 26, Ex. 6).

On November 30, 1992, Debtors filed both a motion for reconsideration and a motion to stay time for appeal. (Doc. 26, Exs. 8, 7). In the motion for reconsideration, Debtors challenged the Bankruptcy Court's finding that Champion's mechanic's lien was valid, arguing that neither party had presented testimony regarding the validity of such lien, and that Debtors contested the lien's validity. (Doc. 26, Ex. 8). They therefore requested that the Bankruptcy Court amend its order regarding confirmation of the plan to indicate that the lien, *if valid*, would not be subject to modification in the Debtors' plan.

In a related request, Debtors' other motion asked the Court to stay the time for appeal from the order denying confirmation until after the Court had decided their motion for reconsideration. (Doc. 26, Ex. 7). The Bankruptcy Court granted that motion, and stayed the time for appeal until 10 days after the Court issued its decision on Debtors' motion for reconsideration. (Doc. 26, Ex. 9).

On December 15, 1993, Judge Aug issued an amended order, finding that "the mechan-

ic[']s lien is not subject to modification under [11] U.S.C. § 1322(b)(2)." (Doc. 26, Ex. 9, p. 3). The revised order made no specific finding, however, regarding the validity of that lien.

On December 28, 1993, Debtors filed their notice of appeal from the Bankruptcy Court's order denying their motion to dismiss Champion's objection to confirmation of their plan. (Doc. 26, Ex. 10). In their brief on appeal, Debtors first argue that the Bankruptcy Court erred in considering Champion's untimely-filed objection. (Doc. 27). They further argue that the Bankruptcy Court erred in determining that 11 U.S.C. § 1322(b)(2) barred Debtors from modifying Champion's interest, to the extent that Champion was unsecured due to Debtors' real property being valued at less than the amount of prior secured claims and Debtors' exemptions.

In its opposing memorandum, Champion argues that the Bankruptcy Court properly denied confirmation of Debtors' plan. (Doc. 30). Champion first notes that 11 U.S.C. § 1325(a) requires the Bankruptcy Court to independently inquire into the propriety of a debtor's proposed plan before confirming such plan. Champion further argues that the Bankruptcy Court correctly determined that Champion's mechanic's lien was not subject to modification in Debtors' plan, and that Debtors are not permitted to use a plan confirmation proceeding to challenge the validity of such a lien.

## OPINION

### Standard of Review

■ In reviewing the decision of a bankruptcy court, district courts may set aside findings of fact made by the bankruptcy court only if such findings are "clearly erroneous." *In re Arnold*, 908 F.2d 52, 55 (6th Cir.1990). A factual finding is clearly erroneous "when, although there is evidence to support it, the reviewing court, on the entire record, is left with the definite and firm conviction that a mistake has been made." *Id.* (citing *United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

■ Conversely, district courts are directed to apply a *de novo* standard of review to all conclusions of law drawn by a bankruptcy court. *In re Caldwell (Hardin v. Caldwell)*, 851 F.2d 852, 857 (6th Cir.1988).

### Failure to Dismiss Untimely Objection as Reversible Error

■ Debtors first contend that the Bankruptcy Court committed reversible error when it failed to dismiss Champion's objection to confirmation as being untimely filed. Debtors' argument in this regard is premised upon an assumption that the Bankruptcy Court was bound to follow its own procedural rule requiring that such objections be filed and served at least three days before an 11 U.S.C. § 341 creditors' meeting. The Bankruptcy Court has conceded that Champion's filing was "technically" in default of that rule. (*See* Doc. 26, Ex. 6 & Ex. 9, p. 3).

As Champion points out, however, the bankruptcy code authorizes a bankruptcy court to conduct its own inquiry into the elements of a plan filed by a Chapter 13 debtor. 11 U.S.C. § 1325(a). Indeed, the code provides, in relevant part, that:

(a) ... [T]he *court shall confirm* a plan *if—*

(5) *with respect to* each *allowed secured claim* provided for by the plan—

(A) the *holder* of such claim has *accepted* the plan; .

(B)(i) the plan provides that the *holder* of such claim *retain* the *lien* securing such claim; *and*

(ii) the *value*, as of the effective date of the plan, of property to be *distributed* under the plan on account of such claim is *not less than* the *allowed amount* of such claim ...

11 U.S.C. § 1325(a)(5) (emphasis added). The code thus does *not* place the onus on holders of *secured* claims to come forward with objections to the plan. *Compare id. with* 11 U.S.C. § 1325(b)(1) [regarding objections by holders of "allowed *unsecured* claims" (emphasis added) ].

Because the Bankruptcy Court clearly had the authority to decline *sua sponte* to confirm Debtors' plan if the plan impermissibly

modified Champion's rights as a secured creditor, this Court need not consider whether that Court had discretion to disregard its own procedural rules regarding filing and service deadlines. The Court finds that the Bankruptcy Court did not commit reversible error by failing to dismiss Champion's objection or by considering the plan's treatment of Champion's secured claim, despite the technical lateness of Champion's filing. The Court therefore will turn to Debtors' second allegation of error.

### Modification of Secured Claim Which Exceeds Value of Collateral

Debtors next contend that the Bankruptcy Court erred in holding that 11 U.S.C. § 1322(b)(2) prevented Debtors from treating Champion's mechanic's lien on their residential real property as an unsecured claim in their plan. That section provides as follows, in pertinent part:

> (b) ... the plan may—
>
> \*   \*   \*   \*   \*   \*
>
> (2) modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence* ...

11 U.S.C. § 1322(b)(2) (emphasis added).

Debtors do not deny that Champion's mechanic's lien is a security interest in the real property that is their principal residence, nor do they deny that Champion's claim is secured only by that lien. (*See* Doc. 27). Rather, Debtors argue that Champion's claim is secured only to the extent that equitable value in their residential real estate remains to secure it. They note that another provision of the bankruptcy code specifically provides that an allowed claim secured by a lien on the debtor's property "is a secured claim to the extent of the value of [the] property," and "is an unsecured claim" to the extent that the claim exceeds that property's value. 11 U.S.C. § 506(a).

Reading that general provision in combination with 11 U.S.C. § 1322(b)(2), Plaintiffs conclude that even a "secured" claim is unsecured to the extent that it exceeds the value of the collateral, and thus is not subject to § 1322(b)'s ban on modification. They cite several cases to support that proposition.

*See, e.g., Sapos v. Provident Institution of Savings,* 967 F.2d 918 (3d Cir.1992); *In re Bellamy,* 962 F.2d 176 (2d Cir.1992); *In re Crook,* 966 F.2d 539 (10th Cir.1992).

In the same memorandum, however, Debtors conceded that at least one decision had held that 11 U.S.C. § 1322(b)(2) does bar such modification of a secured creditor's claim. *See In re Nobelman (Nobelman v. American Savings Bank ),* 968 F.2d 483 (5th Cir.), *cert. granted,* — U.S. ——, 113 S.Ct. 654, 121 L.Ed.2d 580 (1992). Since the parties filed their respective memoranda, the United States Supreme Court has decided *Nobelman* in an opinion that definitively resolves this question for purposes of this appeal. In *Nobleman. v. American Savings Bank,* — U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), the Court held that "§ 1322(b)(2) cannot operate in combination with § 506(a) in the manner theorized by [the debtors]." *Id.,* — U.S. at ——, 113 S.Ct. at 2111. The Court found that construing § 1322(b)(2)'s reference to "a claim secured only by a [homestead lien]" as meaning the lienholder's entire claim, including both secured and unsecured portions under § 506(a), was a "more reasonable" interpretation than that posed by Debtors. *Id.*

Accordingly, and despite the language of 11 U.S.C. § 506(a), the Bankruptcy Court correctly determined that 11 U.S.C. § 1322(b)(2) prevents Debtors from obtaining confirmation of a plan that treats Champion's mechanic's lien as an unsecured claim.

IT THEREFORE IS ORDERED that the judgment of the Bankruptcy Court hereby is AFFIRMED.

IT IS SO ORDERED.