**In re Terry Michael DUNCAN and Samantha Kay Duncan, Debtors.**

**Bankruptcy No. 99–22144.**

United States Bankruptcy Court, E.D. Tennessee.

Jan. 5, 2000.

Dean Greer, Kingsport, TN, for Terry Michael Duncan and Samantha Kay Duncan.

David T. Axford, Stokes & Bartholomew, P.A., Nashville, TN, for Household Automotive Finance Corporation.

Wm. Stanton Massa, III, Morristown, TN, for Household Automotive Finance Corporation.

### *MEMORANDUM*

MARCIA PHILLIPS PARSONS, Bankruptcy Judge.

This chapter 13 case is before the court on the objection to confirmation filed by Household Automotive Finance Corporation ("Household") and the debtors' response thereto challenging the timeliness of the objection. This case presents the issue of whether an objection is timely if it has been filed before confirmation as required by Fed. R. Bankr.P. 3015(f), but

outside the time specified by E.D. Tenn. LBR 3015–3, *i.e.,* "by the conclusion of the meeting of creditors held pursuant to 11 U.S.C. § 341(a)." For the reasons set forth below, the court concludes that the objection is not timely and should be overruled. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(L).

## I.

This chapter 13 case was commenced on August 26, 1999, and the debtors filed their proposed plan on September 13, 1999. The plan provided, *inter alia,* for payment to Household on a secured claim in the amount of $13,000.00 at the rate of $270.83 per month with zero interest. Unsecured creditors were to receive a *pro rata* distribution after payment of secured and priority claims which distribution was estimated to be 70%.

On September 20, 1999, Household filed a proof of claim in the amount of $23,-800.47, asserting a security interest in a 1997 Toyota Camry automobile. Thereafter, on October 4, 1999, a "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines," along with a copy of the debtors' proposed plan, were served by the chapter 13 trustee on all creditors, including Household. The notice advised that the meeting of creditors would be held on October 26, 1999, and stated that "[i]f a timely objection to confirmation is filed pursuant to E.D. Tenn. LBR 3015–3, a hearing on confirmation will be held on 11/16/99...."

Rule 3015–3 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Tennessee provides in part the following:

> In the Northern and Northeastern Divisions, objections to confirmation of chapter 13 plans shall be filed prior to the conclusion of the meeting of creditors held pursuant to 11 U.S.C. § 341(a). However, the chapter 13 trustee and any creditor attending and participating in the meeting of creditors will be allowed until the close of business on the third business day following the conclusion of the meeting within which to file an objection. An objection filed beyond the dates fixed in this rule will not be considered unless the court, for cause, extends the time.

The proceeding memorandum filed by the chapter 13 trustee on October 29, 1999, indicates that the meeting of creditors was held as scheduled on October 26 and that no creditors appeared. The memorandum further indicates that the trustee would be filing an objection to confirmation and that the meeting was "completed."

Because of the trustee's objection to confirmation, a confirmation hearing was held on November 16 * and then adjourned to November 30, 1999. On November 24, prior to the adjourned confirmation hearing, Household filed an objection to confirmation of the debtors' plan, asserting that the value the debtors proposed to pay Household was less than its allowed secured claim and objecting to the plan's failure to provide for payment of interest on Household's secured claim.

At the November 30 hearing, counsel for the debtors announced that he would need to file a new budget for the debtors and a modified plan which would substantially reduce the plan payment and the estimated dividend to unsecured creditors. Because the trustee asked that she be allowed to question the debtors again in light of the new budget and plan, the court directed the debtors to file the modified plan and amended *Schedules I* and *J* within seven days, meet with the trustee on December 14, and advise creditors that if they had any objections to the plan as modified, they should file objections by that date. A final confirmation hearing on

---

* In this district, as in many districts across the country, no confirmation hearing is held in chapter 13 cases unless an objection is filed.

*See* 2 Keith M. Lundin, Chapter 13 Bankruptcy § 5.2 (2d ed.1994).

any and all objections was set for December 28, 1999.

On December 8, 1999, the debtors filed a "Modified Chapter 13 Plan Pre–Confirmation," which reduced their monthly plan payment from $1,518.00 to $650.00 and the unsecured creditors' estimated dividend from 70% to 13%. The proposed treatment of Household's secured claim was not changed. Accompanying the modified plan was a notice which provided that the debtors would be meeting with the chapter 13 trustee on December 14, 1999, that creditors were invited to attend that meeting, and that any objections to the proposed modification should be filed on or before December 14, 1999, unless the creditor attended the meeting in which case it would have three business days thereafter in which to file an objection.

At the December 28 confirmation hearing, the debtors argued that Household's objection should be overruled because it was not filed prior to the conclusion of the meeting of creditors held on October 26, 1999, as required by E.D. Tenn. LBR 3015–3. The debtors assert that the filing of the modified plan did not reopen the objection period for Household as a secured creditor because the modification did not change Household's secured treatment under the plan. Household responds that the requirements of E.D. Tenn. LBR 3015–3 have been met because the objection was filed prior to the conclusion of the meeting of creditors held on December 14, 1999. Furthermore, although Household recognizes the court's authority to enact local rules, it asserts that the local rule governing objections to confirmation should be strictly construed in light of Fed. R. Bankr.P. 3015(f) which provides that "[a]n objection to confirmation of a plan shall be filed ... before confirmation of the plan."

## II.

Fed. R. Bankr.P. 3015 is entitled "Filing, Objection to Confirmation, and Modification of a Plan in a Chapter 12 Family Farmer's Debt Adjustment or a Chapter 13 Individual's Debt Adjustment Case." Subdivision (f) of this rule states the following:

> OBJECTION TO CONFIRMATION; DETERMINATION OF GOOD FAITH IN THE ABSENCE OF AN OBJECTION. An objection to confirmation of a plan shall be filed and served on the debtor, the trustee, and any other entity designated by the court, and shall be transmitted to the United States trustee, before confirmation of the plan. An objection to confirmation is governed by Rule 9014. If no objection is timely filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.

Subdivision (f) was added by the 1993 Amendments to the Bankruptcy Rules. 9 COLLIER ON BANKRUPTCY ¶ 3015.02 (15th ed. rev.1999). The Advisory Committee note to the amendment observes that objections to confirmation in all chapters were governed previously by Fed. R. Bankr.P. 3020, which provides, *inter alia*, that objections to confirmation of a plan shall be filed within the time fixed by the court. *See* Fed. R. Bankr.P. 3020(b)(1). The 1993 Amendments not only added subdivision (f) to Fed. R. Bankr.P. 3015, but also amended Fed. R. Bankr.P. 3020 to limit its application to chapter 9 and 11 cases only. *See* Fed. R. Bankr.P. 3020, Advisory Committee note to 1993 amendment.

■ In the only reported decision which specifically addresses the application of Fed. R. Bankr.P. 3015(f), the court opined that "the addition of section (f) to Fed. R. Bankr.P. 3015 does not effect a change from the policy which previously existed pursuant to Fed. R. Bankr.P. 3020. The new provision simply serves to clarify the procedure for the filing of a timely objection prior to confirmation." *In re Ryan,* 160 B.R. 494, 496 n. 1 (Bankr.N.D.N.Y. 1993). Nevertheless, because of the ab-

sence of case law to support this view, the court proceeded to analyze the new rule as though it had effected a change in procedure. *Id.*

In *Ryan,* the confirmation hearing notice stated that any objections to confirmation must be filed "within three business days prior to the confirmation hearing date." *Id.* at 495. Only one creditor filed an objection prior to the confirmation hearing and on the date of the scheduled hearing, the hearing was adjourned in order to permit discussion between that creditor and the debtor. Before the adjourned hearing date, the Internal Revenue Service filed an objection to the debtor's plan. Finding Fed. R. Bankr.P. 3015(f) to be dispositive, the court concluded that the IRS's objection was timely, even though it had not been filed within the time specified in the confirmation hearing notice. *Id.* at 497. As stated by the court:

> Fed. R. Bankr.P. 3015(f) makes no reference to the need to file objections prior to the original hearing date or any hearing date thereafter. Rather, the new Rule makes it clear that the Court may consider any objections to a chapter 13 plan as long as they are raised *prior to confirmation,* thus, failure to obtain confirmation of a plan at the initial confirmation hearing, opens the door to creditors to file objections thereafter.

*Id.* at 496–97.

With all due respect, this court disagrees with this conclusion and believes that the *Ryan* court's first impression, that the promulgation of Fed. R. Bankr.P. 3015(f) was a clarification rather than a change in procedure, was the correct one. Granted, the first sentence of Fed. R. Bankr.P. 3015(f) does provide that objections shall be filed prior to confirmation. However, "[t]he Supreme Court has directed that we not 'construe statutory phrases in isolation.'" *In re Patton,* 209 B.R. 98, 103 (Bankr.E.D.Tenn.1997) (quoting *United States v. Morton,* 467 U.S. 822, 828, 104 S.Ct. 2769, 81 L.Ed.2d 680 (1984)).

The third sentence of Fed. R. Bankr.P. 3015(f) states that "[i]f no objection is **timely** filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues" [emphasis added]. This sentence clearly contemplates that at the confirmation hearing, the court will determine if an objection has been "timely" filed. Such a determination can only be made if a deadline to file objections has been set prior to the hearing. Thus, the *Ryan* court's assertion that "Fed. R. Bankr.P. 3015(f) makes no reference to the need to file objections prior to the original hearing date or any hearing date thereafter" is incorrect when Fed. R. Bankr.P. 3015(f) is read in its entirety.

A literal interpretation of the first sentence of Fed. R. Bankr.P. 3015(f), that any objection to confirmation may be considered so long as it is filed prior to confirmation of the plan, would, in this court's view, lead to an absurd result. *See United States v. American Trucking Ass'ns, Inc.,* 310 U.S. 534, 543, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940) (refusing to follow words of statute when absurd or futile results reached); *Vergos v. Gregg's Enter., Inc.,* 159 F.3d 989, 990 (6th Cir.1998) ("The court must look beyond the language of the statute, however, when the text is ambiguous or when, although the statute is facially clear, a literal interpretation would lead to internal inconsistencies, an absurd result, or an interpretation inconsistent with the intent of Congress."). Carried to extremes, the confirmation process could go on *ad infinitum*—as soon as one objection is resolved, but before the court actually signs the confirmation order, another objection could be filed, and so forth. Surely this was not the intent of the Supreme Court in promulgating Fed. R. Bankr.P. 3015(f).

Of course, this analysis raises the question of why subdivision (f) was adopted. The answer may lie in the fact that prior to the 1993 Amendments to the Federal

Rules of Bankruptcy Procedure, Fed. R. Bankr.P. 3020, which applied to all chapters, was awkward in the context of chapters 12 and 13. The rule, both then and now, provides that objections to confirmation are to be served on "the debtor, the trustee, the proponent of the plan, and any committee appointed under the Code." Yet no committees are appointed in chapters 12 and 13 and the debtor is always the proponent of the plan in these chapters. 9 COLLIER ON BANKRUPTCY ¶ 3015.02 (15th ed. rev.1999). The adoption of Fed. R. Bankr.P. 3015(f), which deleted the language requiring service of objections on plan proponents and committees, enabled the Supreme Court to formulate a rule which was specifically tailored for objections to confirmation in chapter 12 and 13 cases.

The Advisory Committee note to the 1993 amendments does not address why the objection time requirement set forth in the first sentence of Fed. R. Bankr.P. 3015(f) was changed from the language of Fed. R. Bankr.P. 3020(b), "within a time fixed by the court" to "before confirmation of the plan." Rather than concluding that a withdrawal of the court's authority to set confirmation objection deadlines in chapter 12 and 13 cases was intended, the answer could simply be a recognition by the Supreme Court that objections filed after confirmation are ineffectual due to the binding effect of confirmation, *see* 11 U.S.C. §§ 1227(a) and 1327(a), and the limited avenue for review once a confirmation order becomes final. *See* 11 U.S.C. §§ 1230(a) and 1330(a). No other explanation really makes sense in light of the absurdity which would result if the first sentence of Fed. R. Bankr.P. 3015(f) were taken literally, and the fact that the rule as read in its entirety contemplates a determination at the confirmation hearing as to whether an objection has been "timely" filed. *See Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 527, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989) (Scalia, J., concurring) ("We are confronted here with a statute which, if interpreted literally,

produces an absurd ... result. Our task is to give some alternative meaning ... that avoids this consequence....").

In his treatise on Chapter 13 Bankruptcy, Judge Keith Lundin, the preeminent authority on chapter 13 cases, has recognized the importance of firm deadlines for filing objections to confirmation in chapter 13 cases. In discussing the case of *In re Johnson*, 160 B.R. 800 (S.D.Ohio 1993), wherein the district court upheld the bankruptcy court's denial of confirmation notwithstanding the creditor's untimely objection, Judge Lundin observed that:

> *Johnson* promotes anarchy in the Chapter 13 confirmation process for no obvious good purpose. There has to be content in the deadlines for objections to confirmation else it is impossible for debtors and trustees to adequately prepare for hearings on confirmation. The creditor that misses a deadline for objections to confirmation has only itself to blame and has no reasonable expectation that the court or any other party will save it from its neglect.

KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 5.9 (2d ed. cum.supp.1997–98).

### III.

■ Household's argument that it has complied with E.D. Tenn. LBR 3015–3 is likewise without merit. As quoted above, this local rule provides that objections to confirmation must be filed "prior to the conclusion of the meeting of creditors held **pursuant to 11 U.S.C. § 341(a)**" [emphasis added]. This code section requires the United States trustee to convene a meeting of creditors "within a reasonable time after the order for relief." Thus, by its reference to § 341(a) of the Bankruptcy Code, E.D. Tenn. LBR 3015–3 is limited to the initial meeting of creditors convened by the U.S. trustee after the case has been commenced. *See also* Fed. R. Bankr.P. 2003(a) ("In a chapter 13 individual's debt adjustment case, the United States trustee shall call a meeting of creditors to be held no fewer than 20 and no more than 50 days

after the order for relief."). Although the Federal Rules of Bankruptcy Procedure contemplate that this initial meeting may be adjourned, *see* Fed. R. Bankr.P.2003(e), the initial meeting in this case held on October 26, 1999, was not adjourned, but was in fact completed that day as indicated by the proceeding memorandum.

E.D. Tenn. LBR 3015-3 does not address objections to plan modifications which are filed after the initial and completed meeting of creditors. Nor is the objection door to the original plan reopened if another meeting of creditors is held. *See* Fed. R. Bankr.P.2003(f) ("The United States trustee may call a special meeting of creditors on request of a party in interest or on the United States trustee's own initiative."). Instead, the objection period is the time ordered by the court. In this case, upon counsel for the debtors advising in open court on November 30, 1999, that a new plan reducing the dividend to unsecured creditors would be filed, and the chapter 13 trustee requesting that the debtors appear for another meeting of creditors, the court directed debtors' counsel to send notice of the modified plan and the second meeting of creditors to all creditors and parties in interest advising that any objections to the modification should be filed by the conclusion of this new meeting. Thus, the objection deadline to the modification was established by directive of the court rather than by local rule.

If Household's objection to the debtors' plan pertained to the provisions in the plan which had been altered by the modification, its objection would be timely. Household holds an unsecured claim in the amount of $10,800.47 since it has filed a proof of claim in the amount of $23,800.47, and the debtors' plan provides that this claim is secured only to the extent of $13,-000.00. *See* 11 U.S.C. § 506(a). As an unsecured creditor, Household had until December 14, 1999, in which to object to the modification which reduced the plan dividend to unsecured creditors from 70% to 13%. However, Household's objection pertained solely to the treatment under the plan of its secured claim, which treatment did not change in the modification.

IV.

Household does not dispute that it received timely notice of the debtors' bankruptcy filing and has asserted no excuse for its failure to timely file its objection. Because Household's objection was not filed prior to the conclusion of the meeting of creditors held on October 26, 1999, as required by E.D. Tenn. LBR 3015-3, and because the debtors' plan modification did not change Household's secured treatment, Household's objection will be overruled. An order in accordance herewith will be entered contemporaneously with the filing of this memorandum opinion.

