**In re Lynetha DORN, Debtor.**

**Oakwood Acceptance Corporation LLC as Servicing Agent for Jpmorgan Chase Bank, Appellant,**

v.

**Lynetha Dorn, Appellee.**

**No. 5:03CV00375JLH.**

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

Sept. 2, 2004.

Kimberly Wood Tucker, Judy Simmons Henry, Wright, Lindsey & Jennings, LLP, Little Rock, AR, for Appellant.

G. Gregory Niblock, Jeremy Bueker, Niblock and Associates, Stuttgart, AR, for Appellee.

Charles W. Tucker, U.S. Trustee's Office, Little Rock, AR, trustee.

JoAnn L. Goldman, Little Rock, AR, Chapter 13 Standing Trustee.

## OPINION

HOLMES, District Judge.

This case comes on appeal from the United States Bankruptcy Court for the

Eastern District of Arkansas, Pine Bluff Division. Oakwood Acceptance Corporation LLC ("Oakwood") appeals the bankruptcy court's order of August 1, 2003, dismissing its objection to confirmation of a Chapter 13 plan. This Court has jurisdiction over the appeal of final orders issued by the bankruptcy court pursuant to 28 U.S.C. § 158 (2000). Oakwood elected to opt out of the bankruptcy appellate panel review and requested that the appeal be assigned to this Court. For the reasons stated below, this Court affirms the bankruptcy court's order dismissing Oakwood's objection.

On February 21, 2003, Lynetha Dorn filed a bankruptcy petition and plan of reorganization under the provisions of Chapter 13 of the United States Bankruptcy Code. The first meeting of creditors was held on either April 4 or April 8, 2003. On April 7, 2003, the Chapter 13 Trustee filed an objection to confirmation of Dorn's plan. Dorn modified the plan in response to the Trustee's objection on April 29, and the Trustee withdrew her objection on May 21, 2003. On June 4, 2003, Oakwood filed an objection to confirmation of the plan stating that it held a claim secured by a mobile home. Oakwood alleged that Dorn's filing was in bad faith and that the plan's treatment of Oakwood's secured claim was either inaccurate or not permitted by applicable law in a number of respects. The bankruptcy court entered its order confirming the plan on June 5, 2003. Dorn filed a response to Oakwood's objection on June 24, 2003, arguing that the objection was untimely filed and therefore should be denied. After a hearing, the bankruptcy court issued an order dismissing Oakwood's objection as untimely filed under General Order 20 of the United States Bankruptcy Court for the Eastern and Western Districts of Arkansas. General Order 20 provides that objections to confirmation of a plan must be filed within ten days after the conclusion of the first meeting of creditors. Oakwood appeals and raises the following issues:

1. Was Oakwood's Objection to Confirmation of Plan timely filed pursuant to Federal Rule of Bankruptcy Procedure 3015(f)?

2. Does General Order 20 of the United States Bankruptcy Court for the Eastern and Western Districts of Arkansas conflict with Federal Rule of Bankruptcy Procedure 9006(c)(1) and (2)?

3. Did the bankruptcy court err in overruling Oakwood's objection to confirmation, in finding the objection to be untimely filed, and in granting Dorn's motion to dismiss?

4. Did the bankruptcy court err in granting Dorn's motion to dismiss and thus entering a default judgment?

■ This Court reviews the bankruptcy court's legal conclusions de novo and its findings of fact for clear error. *In re O'Brien*, 351 F.3d 832, 836 (8th Cir.2003). Decisions by the bankruptcy court to strike an answer, enter default judgment, and to deny a motion to set aside a default judgment are within the sound discretion of the Court and will not be reversed absent abuse of discretion. *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 686–87 (8th Cir.1995).

■ Oakwood contends that its objection to confirmation of the plan was timely filed under the Federal Rules of Bankruptcy Procedure, so the bankruptcy court erred in determining that Oakwood's objection was untimely under General Order 20. General Order 20 of the Eastern and Western Districts of Arkansas Bankruptcy Court states, in pertinent part:

Pursuant to Federal Rules of Bankruptcy Procedure 3015(f), 9014, and

202(b), IT IS HEREBY ORDERED that objections to confirmation of the debtor's plan in chapter 13 bankruptcy cases must be filed with the Clerk of the Bankruptcy Court and served on the Chapter 13 Trustee and the debtor on or before the tenth (10th) day after the 341(a) meeting of creditors is concluded. The Clerk shall give notice to creditors as required by the applicable rule in the 341(a) hearing notice. If no objections to confirmation are filed within the time fixed in the 341(a) hearing notice, the plan will be confirmed without further notice or a hearing.

General Order 20. General Order 20 became effective for the United States Bankruptcy Court for the Eastern and Western Districts of Arkansas on December 17, 2001. It is undisputed that Oakwood did not file its objection on or before the tenth day after the first meeting of creditors was concluded.

Oakwood argues that General Order 20 conflicts with Rule 3015(f) of the Federal Rules of Bankruptcy Procedure and, therefore, General Order 20 is invalid. Specifically, Oakwood contends that Rule 3015(f) provides that objections may be filed at any time prior to confirmation of the plan and that General Order 20 conflicts with that rule by shortening the time to ten days after the conclusion of the first meeting of creditors. Rule 3015(f) provides:

> An objection to confirmation of a plan shall be filed and served on the debtor, the trustee, and any other entity designated by the court, and shall be transmitted to the United States trustee, before confirmation of the plan. An objection to confirmation is governed by Rule 9014. If no objection is timely filed, the court may determine that the plan has been proposed in good faith and not by any means for- bidden by law without receiving evidence on such issues.

Fed. R. Bankr.P. 3015(f). This subdivision was added by the 1993 Amendments to the Bankruptcy Rules. 9 Collier on Bankruptcy ¶ 3015.02 (15th ed. rev.1999). "The Advisory Committee note to the amendment observes that objections to confirmation in all chapters were governed previously by Fed. R. Bankr.P. 3020, which provides inter alia, that objections to confirmation of a plan shall be filed within the time fixed by the court." *In re Duncan*, 245 B.R. 538, 540 (Bankr.E.D.Tenn.2000) (citing Fed. R. Bankr.P. 3020(b)(1)).

■ The Bankruptcy Rules authorize local bankruptcy rules governing practice and procedure. Fed. R. Bankr.P. 9029(a); *In re Rivermeadows Assocs., Ltd.*, 205 B.R. 264, 269 (10th Cir. BAP 1997). Although the bankruptcy court has authority to adopt local rules, the rules must be consistent with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. *Matter of Adams*, 734 F.2d 1094, 1099 (5th Cir.1984). "As a general rule of law, any local rule of bankruptcy procedure that conflicts with a federal rule of bankruptcy procedure is invalid and of no effect." *In re McGowan*, 226 B.R. 13, 19 (8th Cir. BAP 1998). In addition, "[a] local rule which purports to limit a practice allowed by the Federal Rules of Bankruptcy Procedure is invalid." *In re Rivermeadows Assocs., Ltd.*, 205 B.R. at 269.

Many bankruptcy courts set deadlines within which an objection to confirmation must be filed. See *In re Gaona*, 290 B.R. 381, 384 (Bankr.S.D.Cal.2003); *In re Duncan*, 245 B.R. 538, 540–41 (Bankr. E.D.Tenn.2000); *Chevy Chase Bank v. Locke*, 227 B.R. 68, 70–72 (E.D.Va.1998). See also Phillip R. Principe, Is Late Really Late? Bankruptcy Courts' Responses to Untimely Objections to Plan Confirmation Under Local Rules, 23 MAR Am. Bankr.

Inst. J. 30 (2004). Oakwood's argument would mean that the bankruptcy courts that have set deadlines for filing objections to confirmations have acted in a manner inconsistent with Rule 3015(f).

■ The pertinent language of Rule 3015(f) provides, "[a]n objection to confirmation of a plan shall be filed and served . . . before confirmation of the plan." Oakwood construes the rule to provide that "objections to confirmation may be filed at any time prior to confirmation of the plan." Br. of Appellant at 12 (emphasis added). The phrase at any time does not appear in Rule 3015(f), nor is the effect of Rule 3015(f) to say that objections may be filed at any time before confirmation. Rather, the effect of Rule 3015(f) is to say that an objection may not be filed after the plan is confirmed. Rule 3015(f) stands in contrast, for example, to Rule 1009 of the Federal Rules of Bankruptcy Procedure, which provides that a voluntary petition may be amended by the debtor "at any time" before the case is closed and that a statement of intention may be amended "at any time" before the extension of the period provided in § 521(2)(B) of the code. Cf. Fed.R.Civ.P. 15(a) (a party may amend the party's pleading "at any time" before a responsive pleading is served); Fed.R.Civ.P. 41(a)(1) (plaintiff may dismiss the action "at any time" before the adverse party serves an answer or a motion for summary judgment). Rule 3015(f) means that an objection filed after confirmation is ipso facto untimely; it does not mean that an objection filed before confirmation is ipso facto timely. Rule 3015(f) prohibits a bankruptcy court from considering an objection filed after confirmation; it does not require a bankruptcy court to consider objections filed at any time before confirmation. Rule 3015(f) does not prohibit a local bankruptcy court from establishing a reasonable deadline for the filing of objections, provided that the deadline is before confirmation.

■ Oakwood further argues that General Order 20 impermissibly reduces the time for creditors to object to confirmation in violation of Rule 9006(c)(2) of the Federal Rules of Bankruptcy Procedure. The bankruptcy court held:

Alternatively, Oakwood argues that General Order Number 20 is invalid because it impermissibly reduces the objection period set forth in rule 3015(f). The Court cannot agree. As a general principle, the code, and rules promulgated consistent therewith, is designed to afford the parties exactness and specificity with respect to when actions may permissibly be taken. The obverse is that parties may also rely on these time periods in determining when to take subsequent or concomitant actions. Rule 9006 is consistent with that principle. The predicate language in section (a) recognizes that there will be time periods prescribed or allowed by these rules "or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, [or] by order of court, . . . ." [Footnote omitted.]

In section (c), Rule 9006 goes on to specify when enlargement or reduction of these time periods are permitted. Section (c) has two parts, and it is not appropriate to read section (c)(2) in isolation. Its antecedent is (c)(1), which states the general rule applicable to (c)(2). Again, consistent with Rule 9006(a), there is the recognition that there will be "specified time[s set out] by these rules or by a notice given thereunder or by order of court, . . . ." [Footnote omitted.] General Order Number 20 does exactly that regarding when an objection must be "timely" filed. Once that time deadline is established, and recognizing the antecedent

language contained in (c)(1), (c)(2) does not permit its reduction.

This Court agrees with the reasoning of the bankruptcy court.

On appeal, Oakwood objects, "if the General Order is interpreted to reduce the time from anytime [sic] prior to confirmation of the plan to no later than ten days after the first meeting of creditors, the General Order is in direct conflict with Rule 9006(c)(2)." Br. of Appellant at 19. That argument presupposes that Rule 3015(f) means that the court must allow objections to be filed at any time before confirmation, which this Court believes is inaccurate. The perceived conflict between General Order 20 and Rule 9006(c)(2) depends on Oakwood's construction of Rule 3015(f), which this Court does not accept. General Order 20 is not inconsistent with Rule 3015(f) of the Federal Rules of Bankruptcy Procedure, nor is it inconsistent with Rule 9006(c)(2).

 Finally, Oakwood argues that the bankruptcy court erred in granting Dorn's motion to dismiss because the motion was in the nature of a default and Dorn did not establish entitlement to a default judgment. The appendix does not show that an argument was made to the bankruptcy court that dismissing the objection would be in the nature of a default and that Dorn had not established grounds for a default. Appellate courts ordinarily will not reverse for grounds not asserted below. *Jenkins v. Missouri,* 962 F.2d 762, 766 (8th Cir.1992); *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

Rule 9006(b)(1) provides that the Court may, in its discretion, "on motion made after the expiration of the specified time period permit the act to be done where the failure to act was the result of excusable neglect." The record on appeal does not reflect that a motion was made to enlarge or extend the time or to permit a late objection for excusable neglect. In *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), a bankruptcy case, the Supreme Court held that the determination of what sort of neglect is excusable is at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission. The Supreme Court identified a number of circumstances that a bankruptcy court should consider when determining whether a late filing is excusable, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. 1489. In *Pioneer,* the bankruptcy court made findings of fact on these circumstances. *Id.* at 385–86, 113 S.Ct. 1489. The Supreme Court relied on those findings. *Id.* at 397, 113 S.Ct. 1489.

Here, the Court cannot find that the bankruptcy court abused its discretion in granting Dorn's motion to dismiss the objection to confirmation. The record reflects that a Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines was mailed giving notice of the first meeting of creditors and that the notice contained the following provision:

Filing of Plan, Hearing on Confirmation of Plan

Objections to confirmation must be filed with the Court and served on the Trustee and Debtor on or before the tenth (10th) day after the meeting of creditors is concluded. If no objection is timely filed, the plan will be confirmed pursuant to Federal Rule of Bankruptcy Procedure 3015. If objections are timely filed, a hearing on confirmation will be set by subsequent notice.

Approximately two months after the first meeting of creditors, Oakwood filed its objection to the confirmation of the plan. The record contains no evidence regarding the reason that the filing was late or whether the delay was prejudicial to Dorn. Unlike Pioneer, the record contains no findings of fact for the appellate court to review nor any evidentiary record upon which such a review could be based. Cf. *In re Waggoner*, 157 B.R. 433 (Bankr. E.D.Ark.1993). In the absence of such a record, this Court cannot find that the bankruptcy court abused its discretion.

The decision of the bankruptcy court is AFFIRMED.