**In re Joe S. HOLLAND and wife Elizabeth F. Holland, Debtors.**

**Bankruptcy No. 11–3–85–00057.**

United States Bankruptcy Court, W.D. Texas, El Paso Division.

March 31, 1988.

## AMENDED OPINION AND ORDER [1]

**LEIF M. CLARK, Bankruptcy Judge.**

At San Antonio, Texas on the 31st day of March, 1988, came on for consideration *sua sponte* the setting of the Debtor's First Amended Disclosure Statement, it having come to the attention of the Court that, through no fault of the debtor, the notice of hearing with respect to the approval of the disclosure statement was not given by the clerk's office and that, as a result, there is less than 25 days within which to give notice of the setting.

The matter takes on some importance to the debtor because the disclosure statement was filed in July 1987, over eight months ago. For reasons unknown to anyone, no hearing was set. Predictably, a creditor filed a motion to dismiss the case. When the motion to dismiss came up for setting, a review of the docket revealed the disclosure statement and the courtroom deputy assayed to set both matters at the same time, to avoid prejudice to either party. Unfortunately, the best-laid plans of all concerned fell victim to the gremlin that plagues all paperwork operations. Somehow, the disclosure statement got stapled to a disclosure statement in another case and as a result the notice of hearing was never sent. The debtor received notice of the hearing on the motion to dismiss his case, but not of the hearing on his disclosure statement, precipitating a frantic call to the courtroom deputy, who in turn launched a search for the missing paperwork and discovered the goof.[2] The matter was then brought to the court's attention in the hopes that the court could intervene in the interest of justice.

■ Fortunately, a remedy is available to fix the problem. Bankruptcy Rule 2002(b), it is true, does specify that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 25 days notice by mail of ... the time fixed for filing objections and the hearing to consider approval of a disclosure statement ..." Bankr.R. 2002(b) (1987). The word "shall" as used in the Bankruptcy Rules should not be read with the authoritarian ring that it might have when used in statutes, however. *See In re Wideman,* 84 B.R. 97, 99–100 (Bankr.W.D.Tex. 1988). For example, the word "shall" is also used in Rule 2002(a) ("the clerk shall give ... not less than 20 days notice ..."), yet Rule 9006(c) permits the court to shorten the time for such notice with respect to all matters listed in Rule 2002(a) (except those matters specified under subparagraphs (a)(4) and (a)(8)). Bankr.R. 2002(a), 9006(c)(2) (1987). All other things being equal, Rule 9006(c) should permit a reduction of the 25 day notice period for hearings on approval of disclosure statements.

■ The wording of Rule 9006(c) on its face appears to raise a barrier to that interpretation, however. Reduction of time periods appears to apply only "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder ..." Bankr.R. 9006(c)(1) (1987). Similarly, subsection

---

1. This amended opinion and order is submitted to correct technical errors and makes no substantive changes to the original order submitted herein.

2. That a mistake such as this could have happened should hardly surprise anyone who has ever worked in a large multi-staff operation, whether it be a corporation, a unit of the military, or a law office. In defense of the clerk's office which services the Western District of Texas, the truly extraordinary fact is that the error rate is amazingly *low,* given the amount of paper it handles. The three judges of this court are currently presiding over 14,000 cases, scattered over a division that is geographically larger than most eastern states. Noticing for *all* of these cases is handled by just six people. It is thoroughly unreasonable not to expect some items to fall through the cracks, though the clerk's office in this district is distinguished by a professionalism and an esprit-de-corps that has a low self-tolerance for error. Despite everyone's best efforts, mistakes will happen. The only issue before the court in this opinion is how best to rectify the situation without penalizing innocent parties.

(c)(2) reads "[t]he court may not reduce the time for taking action …" Thus it would seem that only time periods affecting actions to be taken can be the subject of reduction. Closer examination reveals this barrier to be no more than a gossamer veil, however.

Included among the listing of items for which the "time for taking action" may not be reduced are a number of items that do not involve any "action-taking" at all. For example, the court may not reduce the time period specified in Rule 2003(a). Bankr.R. 9006(c)(2) (1987). That rule specifies the minimum and maximum notice periods for the first meeting of creditors held pursuant to 11 U.S.C. § 341(a). There is no action to be taken by any party with respect to the first meeting of creditors, other than to attend. Similarly, the court is prohibited from shortening the time for notice of hearing with respect to the final hearing on a motion to use cash collateral or to obtain postpetition financing. Bankr.R. 4001(b), (c); 9006(c)(2) (1987). Again, there is no action-taking involved, only noticing of a hearing.

If the drafters of the rule felt it necessary to include Rules 2003(a), 4001(b)(2) and 4001(c)(2) in the list of items the time periods for which cannot be reduced, they must have assumed that, otherwise, the court *would* have the power to reduce those time periods. By extension, if a given rule specifies a similar time period not involving action taking (such as the time period for giving notice of hearing on the approval of a disclosure statement), then the fact that it is *not* included in the list of prohibitions set out in Bankruptcy Rule 9006(c)(2) suggests that the court *does* have the power to shorten that time period. The listing of prohibited items is sufficiently exhaustive to lead this court to believe that, if the drafters of the Bankruptcy Rules had intended to prohibit courts from reducing the twenty-five day time period in Bankruptcy Rule 2002(b), they would simply have included it in Bankruptcy Rule 9006(c)(2) along with Bankruptcy Rules 2002(a)(4), 2002(a)(8), 2003(a), 4001(b)(2), and 4001(c)(2). *See In re Epic Associates V*, 62 B.R. 918, 922 (Bankr.E.D.Va.1986); G. Ayers, 8 *Collier on Bankruptcy*, para. 2002.05 at p. 2002–22 and n. 2 (Matthew Bender, 15th Ed. 1987).

■ This court concludes that Bankruptcy Rule 9006(c)(1) authorizes a court to shorten time periods associated with giving notice of hearings, unless a given time period is specifically excluded by Bankruptcy Rule 9006(c)(2). Bankruptcy Rule 9006(c)(2) does not specifically exclude Rule 2002(b) from the authority to reduce time periods granted under Bankruptcy Rule 9006(c)(1). The court therefore has the power to reduce the time periods set out in Bankruptcy Rule 2002(b) for giving notice of hearing on the approval of a disclosure statement and for giving notice of hearing on confirmation of a plan.

■ Having disposed of the legal impediment superficially posed by the wording of the Bankruptcy Rules, the court now turns to the matter at hand. Bankruptcy Rule 9006(c)(1) states that "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Good cause exists for the court to reduce the time for notice of hearing on the approval of the disclosure statement here at issue. As the above facts demonstrate, extreme prejudice would redound to the debtor through no fault of his own were the time not to be reduced.[3] The hearing on the motion to dismiss has already been set on the docket for April 21, 1988. The disclosure statement was to be set for approval hearing on the same date. In order to retain that setting, the time period specified in Bankruptcy Rule 2002(b) would have to be reduced by at least four days. Adding three days for mail (*see* Bankruptcy Rule 9006(f)), a total of seven days' reduction would be needed at a minimum. In the interest of justice, the court will reduce the time period to fifteen (15) days.

---

3. The court is aware that the motion to dismiss could simply be reset, but that solution merely adds that much more delay to a case already victimized by unfortunate delays not caused by the parties.

It is therefore ORDERED, ADJUDGED, and DECREED that the twenty-five day notice period specified for notice of a hearing on the approval of a disclosure statement set out in Bankruptcy Rule 2002(b) be and the same is hereby reduced in this case to fifteen (15) days.