**In re Lynetha DORN, Debtor.**

No. 5:03–bk–12211.

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Aug. 1, 2003.

nection with this appeal.

Judy Simmons Henry, Little Rock, AR, for the creditor.

G. Gregory Niblock, Stuttgart, AR, for the debtor.

Jo–Ann L. Goldman, Little Rock, AR, Chapter 13 Trustee.

## ORDER

RICHARD TAYLOR, Bankruptcy Judge.

Before the Court is the "Objection of Oakwood Acceptance Corporation, LLC to Confirmation of Plan" filed on June 4, 2003, by Oakwood Acceptance Corporation, LLC [Oakwood]. On June 24, 2003, the debtor filed her "Debtor's Response & Motion to Dismiss Objection to Confirmation of Plan Filed by Oakwood Acceptance Corporation." In her response and motion, the debtor argues that Oakwood's objection is untimely filed and should be denied. The Court held a hearing on July 25, 2003, in Pine Bluff, Arkansas. At the conclusion of the hearing, the Court took this matter under advisement. For the reasons stated below, the Court overrules Oakwood's objection and grants the debtor's motion to dismiss the objection.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). The following order constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

The issue before the Court is an alleged incongruity between Federal Rule of Bankruptcy Procedure 3015 (as affected by Federal Rule of Bankruptcy Procedure 9006) and this Court's General Order Number 20 relating to when an objection to confirmation of a debtor's chapter 13 plan must be filed.[1] The parties presented this issue on the following stipulations:

- The debtor filed her petition and plan on February 21, 2003;

- The chapter 13 trustee filed an objection to confirmation of plan on April 7, 2003;

- The first meeting of creditors was held on either April 4 or April 8, 2003 (the parties disputed the date of the first meeting of creditors; the Court takes judicial notice of the case file, and notes that the meeting was scheduled for April 4, but that the trustee entered her "meeting held and concluded" notice on April 8);

---

1. General Order Number 20 states, in relevant part:

    Pursuant to Federal Rules of Bankruptcy Procedure 3015(f), 9014, and 202(b) [sic], IT IS HEREBY ORDERED that objections to confirmation of the debtor's plan in chapter 13 bankruptcy cases must be filed with the Clerk of the Bankruptcy Court and served on the Chapter 13 Trustee and the debtor on or before the tenth (10th) day after the 341(a) meeting of creditors is concluded. The Clerk shall give notice to creditors as required by the applicable rule in the 341(a) meeting notice. If no objections to confirmation are filed within the time fixed in the 341(a) hearing notice, the plan will be confirmed without further notice or a hearing.

    This Order shall be effective on and after December 17, 2001.

- The debtor filed a modified plan in response to the trustee's objection on April 29, 2003, and noticed it for 25 days;
- The trustee withdrew her objection on May 21, 2003;
- Oakwood filed its objection to confirmation of plan on June 4, 2003; and
- The Court entered its Order Confirming Chapter 13 Plan on June 5, 2003.

As is evident from the above, this matter presents the unique situation where the objection was not timely filed as contemplated in General Order Number 20, but, based upon the reading asserted by Oakwood, was timely filed pursuant to Rule 3015(f) as having been filed before confirmation of the plan. Rule 3015(f) states as follows:

> An objection to confirmation of a plan shall be filed and served on the debtor, the trustee, any other entity designated by the court, and shall be transmitted to the United States trustee, before confirmation of the plan. An objection to confirmation is governed by Rule 9014. If no objection is timely filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.[2]

Rule 9006 specifically provides that the court may not reduce the time for taking action with respect to certain enumerated rules, including, in its entirety, Rule 3015.[3] General Order Number 20, adopted by the United States Bankruptcy Courts for the Eastern and Western Districts of Arkansas on December 17, 2001, references Rule 3015(f) and provides that objections to confirmation of the debtor's plan in chapter 13 cases must be filed with the Clerk of the Bankruptcy Court and served on the chapter 13 trustee and the debtor before the 10th day after the 341(a) meeting of creditors is concluded. General Order Number 20 goes on to state that if no objections are filed, the plan will be confirmed without further notice or a hearing.

The bankruptcy courts are expressly afforded the right to promulgate local rules.[4] The validity of a local rule is a question of law.[5] The Ninth Circuit Bankruptcy Appellate Panel set forth a three part test for determining the validity of a local rule: " '(1) whether it is consistent with Acts of Congress and the Federal Rules of Bankruptcy Procedure; (2) whether it is more than merely duplicative of such statutes and rules; and (3) whether it prohibits or limits the use of Official Forms.' "[6] The second and third factors are self evident and non-dispositive in this instance. The Court's analysis will be confined to the first factor, which is the sole issue raised by Oakwood.

Counsel for Oakwood suggested two alternatives to the Court in rendering its decision. First, Oakwood proposed that General Order Number 20 and Rule 3015(f) can be read as consistent with each other. Here, Oakwood's position is that General Order Number 20 does not reduce the objection period contrary to rule 9006, but simply affords the creditor a safe period within which to object secure in the knowledge that a confirmation order will

---

**2.** Fed. R. Bankr.P. 3015(f).

**3.** Fed. R. Bankr.P. 9006(c)(2).

**4.** Fed. R. Bankr.P. 9029.

**5.** *Rivermeadows Assoc., Ltd. v. Falcey (In re Rivermeadows Assoc., Ltd.)*, 205 B.R. 264, 269 (10th Cir. BAP 1997) (citing *Jones v. Hill (In re Hill)*, 811 F.2d 484 (9th Cir.1987)).

**6.** *In re Steinacher*, 283 B.R. 768, 772–73 (9th Cir. BAP 2002) (quoting *Garner v. Shier (In re Garner)*, 246 B.R. 617, 624 (9th Cir. BAP 2000)).

not be entered. Nothing in General Order Number 20 suggests such a reading, and the Court cannot accept this characterization. It is evident that the order's purpose is specifically and expressly to set a definite deadline for objections, as opposed to creating a safe harbor period.

■ Alternatively, Oakwood argues that General Order Number 20 is invalid because it impermissibly reduces the objection period set forth in rule 3015(f). The Court cannot agree. As a general principle, the code, and rules promulgated consistent therewith, is designed to afford the parties exactness and specificity with respect to when actions may permissibly be taken. The obverse is that parties may also rely on these time periods in determining when to take subsequent or concomitant actions. Rule 9006 is consistent with that principle. The predicate language in section (a) recognizes that there will be time periods prescribed or allowed by these rules "or by the Federal Rules of Civil Procedure made applicable by these rules, *by the local rules, [or] by order of court,* . . . ." [7]

In section (c), Rule 9006 goes on to specify when enlargement or reduction of these time periods are permitted. Section (c) has two parts, and it is not appropriate to read section (c)(2) in isolation. Its antecedent is (c)(1), which states the general rule applicable to (c)(2). Again, consistent with Rule 9006(a), there is the recognition that there will be "specified time[s set out] by these rules or by a notice given thereunder or *by order of court,* . . . ." [8] General Order Number 20 does exactly that regarding when an objection must be "timely" filed. Once that time deadline is established, and recognizing the antecedent

language contained in (c)(1), (c)(2) does not permit its reduction.

The very language of Rule 3015(f) supports this conclusion. The first sentence simply states that objections must be filed before confirmation of a plan. No citations are necessary to demonstrate the pre-eminent logic of that sentence. The often ignored second sentence elevates the written objection to a contested matter under Rule 9014, resulting in reasonable notice, procedural guidelines, and opportunity for a hearing. The third sentence permits confirmation without a hearing if "no objection is timely filed." Surely the word "timely" contemplates that the court, consistent with Rule 9006(a) and (c)(1), can and will set some type of deadline for objections, the filing of which will result in a hearing consistent with Rule 9014. That period, once established, may not be reduced pursuant to Rule 9006(c)(2).

Upholding a similar local rule, a bankruptcy court in California stated that, "the bankruptcy court may condition the right to object to confirmation by adopting procedures for plan objection prior to the hearing date. The local rule by no means takes away [the creditor's] opportunity to object to plan confirmation, but simply conditions that right by setting time limits." [9] A bankruptcy court in Tennessee stated the result of such a restricted reading well, and this Court agrees:

> A literal interpretation of the first sentence of Fed. R. Bankr.P.3015(f), that any objection to confirmation may be considered so long as it is filed prior to confirmation of the plan, would, in this court's view, lead to an absurd result. (citations omitted) Carried to extremes, the confirmation process could go on *ad*

---

7. Fed. R. Bankr.P. 9006(a) (emphasis added).

8. Fed. R. Bankr.P. 9006(c)(1) (emphasis added).

9. *In re Gaona,* 290 B.R. 381, 385 (Bankr. S.D.Cal.2003).

*infinitum*—as soon as one objection is resolved, but before the court actually signs the confirmation order, another objection could be filed, and so forth. Surely this was not the intent of the Supreme Court in promulgating Fed. R. Bankr.P. 3015(f).[10]

For the reasons stated herein, the Court overrules Oakwood's objection to confirmation of the debtor's plan, and grants the debtor's motion to dismiss the objection.

IT IS SO ORDERED.

---

10. *In re Duncan*, 245 B.R. 538, 541 (Bankr. E.D.Tenn.2000).