**In re Peter S. FRANKLIN and Becki Franklin, Debtors.**

**No. BK–S–10–32720–BAM.**

United States Bankruptcy Court, D. Nevada.

Oct. 31, 2011.

David M. Crosby, Crosby & Associates, Las Vegas, NV, for Debtor.

## ORDER DENYING CONFIRMATION

BRUCE A. MARKELL, Bankruptcy Judge.

■ This case presents a simple question that appears to have an impractical answer: What amount of notice is required when a debtor amends his or her chapter 13 plan before confirmation? The court reluctantly concludes that the Bankruptcy Rules require not less than 28 days' notice.

### Factual Background

Sketching the common case helps set up the analysis. A debtor files a chapter 13 case. With the petition, or within 14 days of its filing, the debtor must file a proposed plan. FED. R. BANKR.P. 3015(b). In this district, the clerk then automatically sets a plan confirmation date so that creditors have at least 28 days' notice of the confirmation date and of the date to file objections to the plan. *See* FED. R. BANKR.P. 2002(b)(2) (requiring "not less than 28 days' notice ... (2) for filing objections and the hearing to consider confirmation of a ... chapter 13 plan.").

The initial hearing date is contained in the "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines" mailed by the Bankruptcy Noticing Center, usually within two or three days of the petition date. *See* OFFICIAL FORM B9I. This notice also contains the date for the first meeting of creditors under Section 341(a), and the last date to file a proof of claim. So far, so good.

For reasons lost in the sands of time, the following practice has evolved in this District. Confirmation hearings are scheduled on Thursday afternoons at 1:30 p.m. Starting at 8:30 a.m. on the morning of confirmation, there is a pre-confirmation meeting, at which time the chapter 13 trustee reviews the readiness of plans for confirmation. The time, date, and place of this pre-confirmation meeting is disclosed in the notice of bankruptcy, which also states: "Objecting parties must attend the pre-confirmation meeting."

As the date for confirmation approaches, the debtor negotiates with creditors and often decides to amend his or her plan. That amendment is filed close in time to the scheduled date for the confirmation hearing, sometimes just before the scheduled pre-confirmation meeting. No new notice is given to creditors of the amendment. When the case is called for confirmation, if there are no objections, the amended plan will usually be confirmed. Often, however, the chapter 13 trustee will request a continuance of the confirmation hearing in order to assess the modification along with any other information that is provided before the hearing.

On its own motion, the court has recently called into question the adequacy and

propriety of this procedure. It now concludes that this procedure does not comply with the Bankruptcy Rules and does not afford due process to creditors whose distributions are affected by the amendment. As a result, the court will not confirm plans proposed under this procedure.

## Legal Background

■ In chapter 13, debtors have a monopoly on filing plans. 11 U.S.C. § 1321. No one else may file or amend a plan. *Id.* After the debtor files his or her plan, the Bankruptcy Rules require "not less than 28 days' notice by mail of the time fixed ... (2) for filing objections *and* the hearing to consider confirmation of a ... chapter 13 plan." FED. R. BANKR.P. 2002(b)(2) (emphasis supplied). This District's adaptation of Official Form B9I, the "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines," serves this function.[1]

The Bankruptcy Code contemplates that a debtor may modify or amend the plan before confirmation. Section 1323(a) states that "[t]he debtor may modify the plan at any time before confirmation...." This modification then becomes part of the new plan. 11 U.S.C. § 1323(b).

At this point, the question arises as to what notice must be given and when it must be given. The Bankruptcy Code is silent on this point. The Bankruptcy Rules, however, are explicit in some, but not all, cases. They require "at least 21 days' notice by mail of: ... (5) the time fixed to accept or reject a proposed modification of a plan." FED. R. BANKR.P. 2002(a)(5).[2] Additionally, to the extent that the modifications result in a new plan, the 28–day notice from Rule 2002(b) still applies.

■ The authorities are in general agreement that any modification resets the time for objection, and thus the modified plan must be renoticed. As noted in the Lundin & Brown treatise:

> Bankruptcy Rule 2002(a)(5) contemplates 20 days' notice [now 21 days' notice] to parties in interest of "a time fixed to accept or reject a proposed modification of a plan." Bankruptcy Rule 2002(b) requires 25 days' notice [now 28 days' notice] of "the time fixed for filing objections and the hearing to consider confirmation of a ... chapter 13 plan." *A preconfirmation modification of a Chapter 13 plan would have to satisfy both notice requirements.* The courts have strictly enforced the requirement that preconfirmation amendments be noticed to creditors with adequate opportunity to object.

KEITH M. LUNDIN & WILLIAM H. BROWN, CHAPTER 13 BANKRUPTCY § 209.1, at ¶ 3 (4th

---

1. Even this simple act appears not to be exactly as the Bankruptcy Rules anticipate. The rules state: "The plan or a summary of the plan shall be included with each notice of the hearing on confirmation mailed pursuant to Rule 2002." That does not often happen; the form used to notify creditors has been modified to state: "The Chapter 13 plan, when filed, will be mailed under separate cover and may also be viewed on the U.S. Bankruptcy Court's Pacer system at: www.nvb.uscourts. gov." This is apparently a variant of one of three options that appear on Official Form B9I, which states: "The debtor has filed a plan. The plan or a summary of the plan and

notice of confirmation hearing will be sent separately." Regardless, this statement also does not appear authorized by the Bankruptcy Code or the Rules.

2. This provision may apply only to secured creditors in chapter 13 cases, as they are the only class of creditors who may accept or reject a plan. 11 U.S.C. § 1325(a)(5). Indeed, the Bankruptcy Code anticipates modifications with respect to secured creditors and deems the secured creditor's acceptance or rejection unaffected unless the creditor specifically changes its vote. *Id.* § 1323(c).

ed. 2004) (emphasis added). *Collier* is in accord:

> Notice of the modification must be given, and proof of the notice should be filed with the clerk. Federal Rules of Bankruptcy Procedure 2002(a)(5) requires 21 days' written notice to all creditors of the time to accept or reject a proposed modification of a plan.

8 COLLIER ON BANKRUPTCY ¶ 1323.02 (Henry Sommer & Alan Resnick, eds., 16th ed. 2011).[3]

The cases almost unanimously support this reading of Rule 2002. In *Erdmann v. Charter One Bank (In re Erdmann)*, 446 B.R. 861, 866 (Bankr.N.D.Ill.2011), for example, the debtor had filed a modified plan on May 10, 2010. The plan stated that confirmation would constitute a finding that a mortgage lien was wholly unsecured; previously, the debtors had filed an adversary proceeding seeking to declare the lien avoided. As a result of the change in wording, the debtors sought to short-circuit the adversary proceeding, and obtain the ruling they desired through plan confirmation rather than through the adversary proceeding.

The court announced confirmation in court on May 14, 2010, and entered the confirmation order on May 20, 2010. In the meantime, the Bankruptcy Noticing Center had mailed written notice of the modified plan on May 15, 2010. The lender whose lien was affected objected to confirmation on May 19, 2010.

The lender challenged the confirmation order in the adversary proceeding, and sought to avoid the effect of the confirmation order under Rule 60(b)(4). The bankruptcy court concurred. It stated:

> [W]hen the creditor is provided with no notice of the modified plan prior to the confirmation hearing, the creditor has been deprived of due process of law and its terms cannot bind that creditor.

*Id.* at 866. *See also In re Leis*, 198 B.R. 257, 260–61 (Bankr.N.D.Ohio 1996) (Rule 2002(b) requires 28 days notice of both the confirmation hearing and of the date objections must be filed); *Talman Home Mortg. Corp. v. El Lago Apartment Venture*, 70 B.R. 346, 350 (N.D.Ill.1987) (new confirmation hearing required even if creditor had actual knowledge of preconfirmation amendment but did not receive notice of amended plan in conformity with Bankruptcy Rule 2002(a)(5)); *In re Cormier*, 434 B.R. 222, 233 (Bankr.D.Mass.2010) (debtors' request to change plan to allow deduction of expenses for maintaining nonresidential real estate before scheduled surrender denied because request is a procedurally deficient preconfirmation modification of the plan that has not been properly noticed to creditors); *In re Gronski*, 65 B.R. 932, 934 (Bankr.E.D.Pa.1986) (creditor has right to at least 20 days notice to object to amended plan under national and local rules even though creditor never objected to original plan).

---

**3.** *Collier* suggests a possible response to this situation:

> In some bankruptcy courts there are local rules of procedure specifying who should receive notice of plan modifications. These rules may require notice of the modified plan to be sent to all creditors, especially if they had required a copy of the original plan to be served on all creditors. They may also provide that the confirmation hearing must be postponed if a modifica-

tion is filed shortly before its scheduled date, to allow creditors an opportunity to react to the modification and assure the 21 days' notice provided in Rule 2002(a)(5). *Because the debtor may file a modified plan at any time up to the point of confirmation, this may be the only way to provide the appropriate amount of time for creditors to respond to the debtor's new proposed plan.* COLLIER, *supra* (emphasis supplied).

While there are cases that adopt a different reading of Rule 2002, they rely on the effect of local rules in the objection process. In *In re Carbone*, 254 B.R. 1, 2 (Bankr.D.Mass.2000), for example, a creditor's objection to confirmation of a modified plan was filed 32 days after the modification was filed. A local rule required an objection to confirmation to be filed no later than 30 days after the first date set for the § 341 meeting or "thirty days (30) days after service of a modified plan, unless otherwise ordered by the court." The modification complained of was made at the meeting of creditors, and both the debtor and creditors agreed that the modification did not affect any other creditors. The debtor did not serve the modification on the other creditors.

Notwithstanding this failure, the bankruptcy court held that service of the plan modification was not required because the creditor had not filed a notice of appearance or a request for service of pleadings in the Chapter 13 case. The objecting creditor apparently was present at the meeting of creditors at which the modification was filed. The court thus held that such presence was effective as service under the local rule.

A similar case is *In re Duncan*, 245 B.R. 538, 543 (Bankr.E.D.Tenn.2000). There, the debtor modified the plan after the meeting of creditors but before confirmation. A creditor objected to the modified plan but had not objected to the same provision in the plan before modification. The court held that the modification did not revive the creditor's ability to object, citing to local rules with respect to objections generally, and pointing out that the clause objected to had not been changed in the modification.[4]

### Debtor's Contentions

■ The debtors do not cite to these cases. Rather, they point out that most modifications do not affect any other creditors other than those present at the pre-confirmation meetings and those who negotiated for the plan change. They thus adopt an argument similar to *Duncan*, in which objections are cut off upon the expiration of the initial notice period.

That may be the holding of *Duncan*, but it is difficult to see how it applies here. *Duncan* turned on a local rule, and its regulation of objections. No such local rule is in place here. The answer to debtors is in *Erdmann*:

> Although the Bankruptcy Rules require twenty-one days notice of any plan modification, the debtor's failure to provide such notice is not an automatic violation of due process of law.... The Bankruptcy Rules and Code may require more notice than required under the Constitution, but only a violation of constitutional due process renders a judgment or order void.... Therefore, in many instances actual notice, although in violation of the Bankruptcy Rules, is sufficient to bind a creditor to the terms of a confirmed plan.

*Erdmann*, 446 B.R. at 866.

This is the debtors' argument in brief. But it is not germane at this procedural stage of the case. In a sense, it is too early. While noncompliance with the rules may very well not affect the binding effect of the plan as to some creditors, the effect on *all* creditors remains unknown. The court, at a later date and with respect to any particular creditor, may very well find noncompliance with the national noticing rules does not affect the plan's binding

---

**4.** *Duncan* thus appears to be in conflict with *Gronski*, although that is difficult to assess since both turn on the working of local rules.

nature. But that analysis would turn on a case by case analysis of each creditor's claim as it relates to the amendment. It does not answer the question as to whether the court can confirm a plan when it knows that the debtors have not complied with the national noticing rules.

■ The debtors also raise a materiality argument. Noticing all creditors, they contend, is wasteful since most modifications do not materially change creditor recoveries. The Rules are silent on this point, but it is worth observing that the notice of a plan or its modification need not specify any particular creditor's treatment; only a summary is required.[5] Further, in chapter 11 cases, the issue has been dealt with not by ignoring the rules, but by requesting the court to shorten time under Rule 9006.[6] *E.g., In re Tim Wargo & Sons, Inc.,* 107 B.R. 622, 625 (Bankr.E.D.Ark.1989) (court may use Rule 9006 to shorten time to notify creditors of modification); *In re Holland,* 85 B.R. 735, 737 (Bankr.W.D.Tex.1988) (court may use Rule 9006 to shorten time for objections on chapter 11 disclosure statement). *Cf. In re El Comandante Management Co., LLC,* 359 B.R. 410, 415 (Bankr.D.P.R.2006) (authorizing three-days' notice when "creditors and parties in interest had a meaningful opportunity to oppose, and in fact did so."). But the full answer is that the Rules do not incorporate a materiality component. Their arguments, as a consequence, are irrelevant.[7]

## Conclusion

When a debtor seeks confirmation of its plan, the court cannot approve it when it knows that the plan proponent has not complied with Rule 2002 and its various components, however immaterial they may ultimately prove to be to the economic effect of the plan. As a result, debtor's plan cannot be confirmed as it was not adequately noticed under Rule 2002(a)(5) and 2002(b).

Confirmation denied.

---

**5.** As stated in *Educational Credit Mgmt. Corp. v. Mersmann (In re Mersmann),* 505 F.3d 1033, 1045 (10th Cir.2007):

Rule 2002(b) notice regarding Chapter 13 plans, moreover, need only include a summary of the plan, not the actual plan. Id. R. 3015(d). Accordingly, Rule 2002 does not require specific notice of a plan provision's effect on a particular creditor, nor does it require notice to be served in any particular manner or upon any particular person.

**6.** In chapter 11, the rules permit the plan proponent to avoid reballoting in case of non-material post-acceptance amendments. Rule 3019(a). But since there is no balloting of creditors in a chapter 13, the procedure has no applicability here.

**7.** It may be that the issue can be addressed by adroit and careful amendments to local rules, as in *Duncan* and *Gronski.* But that is for another day.