IN RE: Tammy Lynn **WELSH**, Debtor.

Case No. 4:14–bk–12198J/G

United States Bankruptcy Court,
E.D. Arkansas,
**Little Rock Division.**

Signed October 21, 2015

Christian W. Frank, John O. Jackson, Kent Pray, Pray Law Firm, North Little Rock, AR, for Debtor.

Matthew Dean Black, Amanda Pace Welch, Chapter 13 Trustee Office/Jack Gooding, Little Rock, AR, for Trustee.

### ORDER

Phyllis M. Jones, United States Bankruptcy Judge

Before the Court is the Objection to Confirmation of Plan as Amended Pre–Confirmation (the **"Objection"**), filed by Jack W. Gooding, Chapter 13 Trustee (**"Trustee"**), on December 29, 2014 (Doc. No. 56), objecting to the Modification of Chapter 13 Plan (the **"Modified Plan"**) filed by Tammy Lynn Welsh (the **"Debtor"**) on December 17, 2014 (Doc. No. 55). The Objection was heard on April 21, 2015. The Trustee appeared by and through his attorneys, Ms. Amanda Pace Welch and Mr. Matthew Dean Black. The Debtor appeared by and through her counsel, Pray Law Firm, P.A., by Mr. Christian W. Frank. The issue before the Court is whether the pre-confirmation Modified Plan was properly noticed to creditors, thereby allowing the Modified Plan to be confirmed. At the close of the hearing the Court took the matter under advisement. For the reasons stated below, the Court finds that the Objection should be sustained.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L) and (O). The following shall constitute the Court's findings of fact and conclusions of law under Federal Rule of Bankruptcy Procedure 7052, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 3015(f) and 9014.

### II. BACKGROUND

On April 18, 2014, the Debtor filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code. (Joint Ex. 1 at 1). The following twelve creditors were listed on the Debtor's creditor matrix: Arkansas Urology, Baptist Health, Baptist Health–Little Rock, Baptist Health–N. Little Rock, Capital One Bank, Carl Johnson, M.D., Money Tree Motors, Pathology Labs of AR, Pulaski County Sanitation, Radiology Consultants, St. Vincent Health Systems, and U.S. Bank Home Mortgage. (Joint Ex. 1 at 4–5).[1]

Also on April 18, 2014, the Debtor filed her original Chapter 13 plan (the **"Original Plan"**). The Debtor listed two secured claims in the Original Plan, one held by Money Tree Motors secured by a Monte Carlo, and the other held by U.S. Bank Home Mortgage secured by the Debtor's home in England, Arkansas. (Joint Ex. 2 at 3, 5). Pursuant to the Original Plan, the Debtor proposed to pay $180.00 per month to the Trustee for thirty-six months. (Joint Ex. 2 at 1). The Debtor proposed to pay the secured claim of Money Tree Motors and administrative claims through the Original Plan, but proposed to make payments directly to U.S. Bank Home Mortgage outside of the Origi-

---

1. Joint Exhibit 1 consists of the Debtor's petition and creditor matrix and is five pages in length. The creditor matrix is found at pages four and five of the joint exhibit, although the top right corner of page four shows the page as "Page 35 of 48" and the top right corner of page five shows the page as "Page 36 of 48."

nal Plan. (Joint Ex. 2 at 1–3, 5). The Debtor proposed to pay unsecured creditors a pro rata dividend of any remaining funds. (Joint Ex. 2 at 5).

On April 23, 2014, the bankruptcy clerk's office served a Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, and Deadlines ("**341 Meeting Notice**"). (Debtor's Ex. 1). The 341 Meeting Notice stated, "[a] copy of the Chapter 13 Plan may be viewed on the U.S. Bankruptcy Court's ECF system at: www.arb. uscourts.gov or you may contact your attorney for additional information." (Debtor's Ex. 1 at 2). The 341 Meeting Notice provided that the meeting of creditors would be held on June 5, 2014. (Debtor's Ex. 1 at 2). The 341 Meeting Notice also provided a deadline for objecting to confirmation, stating:

> Objections to confirmation must be filed with the Court and served on the Trustee and Debtor on or before the fourteenth (14th) day after the meeting of creditors is concluded. If no objection is timely filed, the plan will be confirmed pursuant to Federal Rule of Bankruptcy Procedure 3015. If objections are timely filed, a hearing on confirmation will be set by subsequent notice.

(Debtor's Ex. 1 at 2). The 341 Meeting Notice was mailed by the bankruptcy clerk to the twelve creditors listed on the creditor matrix as well as to the Debtor, the United States Trustee, the Trustee, and the Debtor's attorney. (Debtor's Ex. 1 at 1).

---

**2.** At the hearing, counsel for the Debtor stated that since the filing of the Original Plan the Debtor has filed seven or eight modified plans. (Tr. at 6). The only modified plan introduced into evidence was the Modified Plan filed by the Debtor on December 17, 2014. (Joint Ex. 3).

**3.** The Modified Plan increased the plan length to thirty-eight months. It appears to the

On December 17, 2014, the Debtor filed the Modified Plan.[2] (Joint Ex. 3). The parties have stipulated that the Modified Plan "increased the plan length by one month and therefore increased the plan base."[3] (Joint Stipulation at 1). The Modified Plan was filed together with a Notice of Opportunity to Object to Amended Plan (the "**NOTO**"), which provided:

> You are hereby notified that the debtor has filed the attached modification to the plan pursuant to 11 U.S.C. Sec. 1329 and Rule 2002(b) of the Rules of Bankruptcy Procedure. Objections to Confirmation of the Plan as Modified must be filed in writing within twenty-one (21) days from the date of this notice, with the U.S. Bankruptcy Court, 300 W. 2nd St., Little Rock, Arkansas, 72201, with copies to the attorney for debtor and Jack W. Gooding, Trustee, P.O. Box 8202 Little Rock, AR 72221–8202.

> If objections to the plan are filed, they will be set for a hearing by subsequent notice. If no objections are received, the plan as modified may be confirmed without further notice or hearing.

(Joint Ex. 3 at 3).[4] The NOTO was signed by the Debtor's attorney. (Joint Ex. 3 at 3). The Certificate of Mailing attached to the NOTO provided that:

> I, the undersigned, hereby certify that copies of the foregoing notice and attached Modification to Plan have been mailed to the following:

---

Court that a prior modification increased the plan length from thirty-six to thirty-seven months, although no such modification was introduced into evidence.

**4.** Counsel for the Debtor stated at the hearing on the Objection that the NOTO should have referred to Section 1323 and Rule 2002(a), rather than Section 1329 and Rule 2002(b). (Tr. at 31–32).

Jack W. Gooding, Trustee
P.O. Box 8202
Little Rock, AR 72221-8202

Tammy Welsh
15207 Scruggs Road
England, AR 72046

Legal Division
Employment Security Div.
P.O. Box 2981
Little Rock, AR 72203

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

U.S. Attorney
Eastern District
P.O. Box 1229
Little Rock, AR 72203

Legal Division
Dept. of Finance & Admin.
P.O. Box 1272
Little Rock, AR 72203

(Joint Ex. 3 at 4). The Certificate of Mailing was signed by the Debtor's attorney. (Joint Ex. 3 at 4). As shown by the notice of electronic filing for the Modified Plan and NOTO ("**ECF Notice**"), the Modified Plan and NOTO were also served via electronic service on the following:

Leslie D. Fryxell on behalf of Creditor U.S. Bank, N.A.

Jack W. Gooding

John O. Jackson on behalf of Debtor Tammy Lynn Welsh

Scott Allen Jones on behalf of Creditor U.S. Bank, N.A.

Adam Perdue on behalf of Creditor U.S. Bank, N.A.

Kent Pray on behalf of Debtor Tammy Lynn Welsh

John Randal Roan on behalf of Creditor U.S. Bank, N.A.

Sherry A. Seiffert on behalf of Creditor U.S. Bank, N.A.

U.S. Trustee

(Joint Ex. 4) (email addresses omitted).

On December 29, 2014, the Trustee objected to confirmation of the Modified Plan citing 11 U.S.C. § 1325(a)(1) and stating "the plan does not comply with the provisions of Chapter 13 and with other applicable provisions of the Bankruptcy Code. The debtor has failed to notice all creditors pursuant to FRBP 2002." (Joint Ex. 8).

At the hearing on the Objection, the parties introduced the Administrative Procedures for Electronically Filed Cases and Related Documents for the Bankruptcy Court for the Eastern and Western Districts of Arkansas ("**ECF Procedures**"). (Joint Ex. 7). The pertinent section of the ECF Procedures regarding notice provides, in part:

A. Means of Service/Consent to Electronic Service

 Whenever a pleading or other paper is filed electronically in accordance with these Administrative Procedures, an NEF is automatically generated and sent via email to all registered attorneys and trustees assigned to the case at the time of docketing. The NEF will include a list of all parties to whom the electronic notice was sent. To the extent permitted under the applicable federal rules, an attorney's or other User's registration as a Filing User with this Court constitutes consent to electronic service of and to electronic notice of all documents, in lieu of service and/or notice by first class mail.

 . . . .

B. Certificate of Service

A certificate of service must be included with all documents filed electronically, indicating that service was accomplished through the NEF for Filing Users and indicating how service was accomplished on anyone who is not a Filing User.

(Joint Ex. 7 at 13–14).

## III. ARGUMENTS

The Trustee argues that the Modified Plan was not properly noticed and cannot be confirmed because Federal Rules of Bankruptcy Procedure 2002(a)(5) and 2002(b)(2) require *all creditors* to receive notice of a pre-confirmation plan modification, and notice was not given to *all creditors*. The Trustee also argues that both Rules 2002(a)(5) and 2002(b)(2) apply to pre-confirmation modifications of Chapter 13 plans, and accordingly, all creditors should receive at least twenty-eight days' notice, the longer of the two notices, of their opportunity to object to a pre-confirmation modification.

The Debtor argues that proper notice of the Modified Plan and NOTO was given pursuant to Rule 2002 when the bankruptcy clerk mailed the 341 Meeting Notice to all creditors, which gave creditors fourteen days from the conclusion of the first meeting to object to the Original Plan. The Debtor argues that because no creditors objected to the Original Plan, and because the provisions of the Modified Plan do not substantially change the treatment of any creditor's claim from that proposed in the Original Plan, no notice of the Modified Plan needed to be given because no creditor would have standing to file an objection.

Alternatively, the Debtor argues that all creditors received constructive notice of the Modified Plan and NOTO through the ECF noticing system.

Finally, alternatively, the Debtor argues that even if the Court finds both the 341 Meeting Notice and the ECF Notice insufficient, the Modified Plan should nevertheless be confirmed because the Debtor has complied with the plan confirmation requirements under Sections 1322 and 1325 of the Bankruptcy Code, notwithstanding the Trustee's objections related to the notice requirements.

## IV. DISCUSSION AND ANALYSIS

Rule 2002(a)(5) provides in relevant part that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, *all creditors* and indenture trustees at least 21 days' notice by mail of … the time fixed to accept or reject a proposed modification of a plan." FED. R. BANKR. P. 2002(a)(5) (emphasis added). Rule 2002(a)(5) does not specify whether it applies to modifications filed pre-confirmation, post-confirmation or both. Rule 2002(b)(2) provides in relevant part that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, *all creditors* and indenture trustees not less than 28 days' notice by mail of the time fixed … for filing objections and the hearing to consider confirmation of a … chapter 13 plan." FED. R. BANKR. P. 2002(b)(2) (emphasis added).

■ A "creditor" under the Bankruptcy Code includes an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A) (2012). The Debtor has the burden of proving that creditors have received appropriate notice as required by Rule 2002. *United States v. Hairopoulos (In re Hairopoulos)*, 118 F.3d 1240, 1244 (8th Cir. 1997) ("Rule 2002 … specifies that the clerk of the bankruptcy court shall give notice to all creditors of … the time for modification of a plan.… The burden of

establishing that a creditor has received appropriate notice rests with the debtor." (citing *In re Savage Indus.*, 43 F.3d 714, 721 (1st Cir.1994); *In re Horton*, 149 B.R. 49, 57 (Bankr.S.D.N.Y.1992))).

█ The first issue to be decided is whether the Trustee is correct that both Rule 2002(a)(5) and Rule 2002(b)(2) apply to pre-confirmation modifications. The Court finds that both do apply for the following reasons. First, the overwhelming majority of cases deciding this issue have ruled that both subsections apply. In a case with facts similar to the facts in this case, the bankruptcy court concluded that both Rule 2002(a)(5) and Rule 2002(b)(2) apply to modified plans filed prior to confirmation. *In re Franklin*, 459 B.R. 463, 468 (Bankr.D.Nev.2011). There, the court found that Rule 2002(a)(5) requires at least twenty-one days' notice of the time fixed to accept or reject a modified plan, and to the extent the modification results in a new plan, the twenty-eight day notice of Rule 2002(b)(2) "still applies." *Id.* at 465. The court in *Franklin* also found that the "cases almost unanimously support this reading of Rule 2002." *Id.* at 466; *see also* KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 209.1 (3d ed. 2000 & Supp.2004) ("A preconfirmation modification of a Chapter 13 plan would have to satisfy both [Rule 2002(a)(5) and Rule 2002(b) ] notice requirements. The courts have strictly enforced the requirement that preconfirmation amendments be noticed to creditors with adequate opportunity to object.").

Second, the plain language of the rules supports the conclusion that both subsections apply to pre-confirmation modifications. Rule 2002(a)(5) plainly requires that twenty-one days' notice be given of a proposed plan modification, and it is not disputed that the Modified Plan is a modification to the Original Plan. Likewise, the plain language of Rule 2002(b)(2) requires twenty-eight days' notice to be given for the time for filing objections and the hearing to consider confirmation of the plan, and because no plan has yet been confirmed in this case, the twenty-eight day notice requirement also applies to the pre-confirmation modification.

For the foregoing reasons, this Court finds that the noticing requirements of both Rule 2002(a)(5) and Rule 2002(b)(2) apply to pre-confirmation modifications, and the debtor, the trustee, *all creditors* and indenture trustees must receive twenty-one days' notice of the time fixed to accept or reject the Modified Plan and twenty-eight days' notice for filing objections and the hearing to consider confirmation of the Debtor's plan.

The second issue to be decided is whether there has been compliance with Rules 2002(a)(5) and 2002(b)(2). The Debtor advances two arguments in support of her position that proper notice of the Modified Plan was given pursuant to Rule 2002. The first argument is that proper notice was given when the bankruptcy clerk mailed all creditors the 341 Meeting Notice containing the deadline for objecting to confirmation of the Original Plan.[5] (Tr. at 6–7). Second, the Debtor argues that because no creditors objected to the Original Plan within the deadline given by the 341 Meeting Notice and because the Modified Plan did not substantially change the rights of any creditors, creditors would be foreclosed from filing an objection to the Modified Plan and, therefore, notice did not have to be given to all creditors. (Tr. at 7–8, 20–23). In other words, the Debtor

---

**5.** In this jurisdiction, confirmation hearings are not routinely set; instead, if no objections to confirmation are filed, the plan may be confirmed without a hearing. Gen. Order No. 20, Bankr. E. & W. Dist. of Ark. If an objection is filed, the objection is set for hearing by subsequent notice.

argues that notice of the modification was properly limited to those parties with standing to object. In support of this proposition, the Debtor cites to this Court's General Order 20, Section 1323(c) of the Bankruptcy Code, and *In re Dorn*, 295 B.R. 872 (Bankr.E.D.Ark.2003), *aff'd Oakwood Acceptance Corp. LLC v. Dorn (In re Dorn)*, 315 B.R. 68 (E.D.Ark.2004). (Tr. at 7, 23–26).[6]

■ The Court finds, contrary to the Debtor's argument, that the 341 Meeting Notice served by the bankruptcy clerk did not provide notice of the Modified Plan required by Rules 2002(a)(5) and 2002(b)(2). First, under the facts of this case, the deadline to object to confirmation as provided in the 341 Meeting Notice was fourteen days after the conclusion of the first meeting of creditors. The docket sheet reflects that the meeting was held and concluded on June 5, 2014. (Doc. No. 23). Therefore, the deadline to object to confirmation was June 19, 2014. The Modified Plan was not filed until December 17, 2014. It is illogical to hold that the 341 Meeting Notice deadline applied to the Modified Plan when the Modified Plan was filed almost six months *after* the deadline passed. Second, such a holding would be contrary to case law. "The authorities are in general agreement that any modification resets the time for objection, and thus the modified plan must be renoticed." *In re Franklin*, 459 B.R. at 465.

■ As to the second argument, the Debtor's reliance on General Order 20, Section 1323(c) of the Bankruptcy Code, and *In re Dorn* is misplaced. This Court's General Order 20, as amended by General Order 34, provides that objections to confirmation of Chapter 13 plans must be filed on or before fourteen days after the first meeting of creditors is concluded. Gen. Orders 20 & 34, Bankr. E. & W. Dist. of Ark. Section 1323(c) of the Bankruptcy Code provides that "[a]ny holder of a secured claim that has accepted or rejected the plan is deemed to have accepted or rejected ... the plan as modified, unless the modification provides for a change in the rights of such holder from what such rights were under the plan before modification, and such holder changes such holder's previous acceptance or rejection." 11 U.S.C. § 1323(c) (2012). In *Dorn*, the issue before the court was whether General Order 20 impermissibly shortened the time to object to confirmation in contravention of Federal Rules of Bankruptcy Procedure 3015(f) and 9006(c). *In re Dorn*, 295 B.R. at 873. The bankruptcy court, affirmed by the district court, held that the general order did not impermissibly shorten the time to object and overruled the creditor's untimely objection. *Id.* at 875–76. Notice was not at issue and, in fact, the preconfirmation modification in *Dorn* was "noticed ... for 25 days."[7] *Id.* at 874.

---

**6.** The Debtor also argues that because the language in Rule 2002(a)(5) and Rule 2002(b)(2) provides that the clerk *"or some other person as the court may direct"* is to serve the required notice and the Debtor has not been directed to serve notice of the Modified Plan, she had no duty to do so. (Tr. at 7, 22). The Debtor's argument is misplaced. The issue to be decided by the Court is whether proper notice was given to the proper parties, not who was responsible for giving the notice. The Trustee stated at the hearing that the local practice is for the plan propo-

nent to give notice of the modification to "all of the creditors per the matrix." (Tr. at 31). The Court acknowledges and agrees that this is the local practice. Moreover, the Debtor, contrary to her argument, did send notice of the Modified Plan and NOTO, and even filed a certificate of service reflecting service on some, but not all, parties.

**7.** Rule 2002(b) now requires twenty-eight days' notice rather than twenty-five days' notice. FED. R. BANKR. P. 2002(b).

In addition, the plain language of Rule 2002 does not support the Debtor's contention, but instead clearly requires notice to be given to the debtor, trustee, *all creditors*, and indenture trustees. FED. R. BANKR. P. 2002. Interestingly, Rule 3015(g), which provides a procedure for post-confirmation modifications, includes language requiring notice of a *post*-confirmation modification to be given to the debtor, the trustee, and all creditors "*unless the court orders otherwise with respect to creditors who are not affected by the proposed modification.*" FED. R. BANKR. P. 3015(g) (emphasis added). No comparable provision allowing the court to limit notice to affected creditors is contained in Rule 2002(a)(5) or Rule 2002(b)(2). Had Congress intended to allow the notice requirement to be limited to only creditors affected by the proposed pre-confirmation modification, it could have included language in Rule 2002(a)(5) and Rule 2002(b)(2) similar to the limiting language of Rule 3015(g).

 Finally, in a Chapter 13 case, only the debtor has the privilege of proposing plans pre-confirmation. 11 U.S.C. § 1321 (2012); *In re Franklin*, 459 B.R. at 465. The notices required by Rule 2002(a)(5) and Rule 2002(b)(2) provide the means by which a creditor is informed of a potential revival of its right to accept or reject modified plan provisions. The effect of the procedures advanced by the Debtor would be to ignore the notice requirements of Rule 2002(a)(5) and Rule 2002(b)(2) and allow the Debtor to decide unilaterally whether her own modification affects the rights of a creditor. Even under Rule 3015(g), it is the court that determines if such notice may be limited, not the debtor. Furthermore, Rules 2002(a)(5) and 2002(b)(2) require notice to all creditors regardless of the materiality of the modification. *In re Franklin*, 459 B.R. at 468. For all these reasons, the Court finds that neither the 341 Meeting Notice nor the notice given by the Debtor complied with the notice requirements of Rule 2002(a)(5) and Rule 2002(b)(2) for the Modified Plan.

 The third issue for the Court to decide is whether constructive notice of the Modified Plan was given under Rules 2002(a)(5) and 2002(b)(2) through the ECF noticing system. The Debtor argues, in the alternative to her previous arguments, that constructive notice of the Modified Plan was given to all creditors through the ECF noticing system. (Tr. at 8, 26–28). The Trustee disagrees stating that all creditors did not receive notice through the ECF noticing system. (Tr. at 15–16, 31).

The Debtor's argument is inconsistent with the ECF Procedures and the facts in this case. The creditor matrix indicates the existence of twelve creditors. (Joint Ex. 1 at 4–5). The ECF Notice reflects service of the Modified Plan by electronic notice on the Debtor, the Trustee, the United States Trustee, and only one of the twelve creditors: U.S. Bank, N.A. (Joint Ex. 4). This electronic notice summary is consistent with the ECF Procedures, which anticipate sub-classes of filing users, such as attorneys, trustees, and creditor filers. (Joint Ex. 7). When a document is filed with the ECF, a Notice of Electronic Filing "is automatically generated and sent via email to all *registered attorneys and trustees* assigned to the case at the time of docketing." (Joint Ex. 7 at 13) (emphasis added). As a result, all creditors were not given notice, constructive or otherwise, of the filing of the Modified Plan, time to accept or reject the Modified Plan, time to object to confirmation of the Modified Plan, or the date for the confirmation hearing required by Rules 2002(a)(5) and 2002(b)(2). For these reasons, the Debtor's constructive notice argument must fail.

Finally, the Debtor contends that, notwithstanding the Trustee's argument as to lack of notice, she has complied with all provisions of the Bankruptcy Code necessary for confirmation of the plan and the plan should be confirmed. (Tr. at 8, 28–29). The Court disagrees. Confirmation of the plan operates to bind "each creditor" to the provisions of the plan, "whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a) (2012); *Farmers Bank & Trust Co. v. Wells (In re Wells)*, 536 B.R. 264, 270 (Bankr.E.D.Ark.2015). A creditor who has received no notice of the contents of a plan has been deprived of due process and the terms of that plan cannot be binding on that creditor. *Erdmann v. Charter One Bank (In re Erdmann)*, 446 B.R. 861, 866 (Bankr.N.D.Ill.2011) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010)).[8] Notice of the modified plan is essential to due process for the confirmation order to be binding on the creditors. *Id.* at 865–67. As stated above, the Debtor must comply with the notice requirements of both Rule 2002(a)(5) and Rule 2002(b)(2). Her failure to do so cannot be ignored in the plan confirmation process.

## V. CONCLUSION

For the reasons stated above, the Court finds that pre-confirmation modifications of Chapter 13 plans must be noticed pursuant to both Rule 2002(a)(5) and Rule 2002(b)(2). The Debtor has failed to meet her burden of proving that proper notice of the Modified Plan was given. Therefore, for the reasons stated above, the Trustee's objection to confirmation is sustained.

8. A failure to comply with a procedural rule (such as the twenty-one or twenty-eight days' notice provisions) does not automatically amount to a violation of due process of law.

The Debtor shall have twenty-one days from the date of entry of this order to file a modification containing any changes in the plan from the Original Plan she seeks to have confirmed and serve notice of the modification and opportunity to object consistent with this order.

IT IS SO ORDERED.

*In re Erdmann*, 446 B.R. at 866. It is possible that a creditor could be on notice sufficient to satisfy due process requirements, but insufficient under the Bankruptcy Rules. *Id.*